UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HOWARD ANTHONY BROWN, ET AL. | * * * | DOCKET NO.: 2:17-CV-9627 |
| VERSUS | * * * | JUDGE JANE TRICHE MILAZZO |
| TOM SCHEDLER, ET AL | * * * | MAGISTRATE JUDGE KAREN WELLS ROBY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
## ON BEHALF ON JAMES F. MCKAY, III, EDWIN LOMBARD, DANIEL L. DYSART, ROSEMARY LEDET, PAULA A. BROWN, AND KERN REESE

MAY IT PLEASE THE COURT:

Plaintiffs Mr. Brown and Batiste have brought this action against Judges of the Louisiana Fourth Circuit Court of Appeal, McKay, Lombard, Dysart, LeDet, Brown, and Judge Kern Reese of the Civil District Court under the Voting Rights Act of 1964. 42 U.S.C. 1973.  Mr. Brown complains that the Fourth Circuit judges rendered a decision on July 28, 2017, reversing the district court judgment and granting plaintiffs' Petition objecting to Candidacy and to Disqualify Mr. Brown from candidacy. The Louisiana Supreme Court denied a writ application filed by Mr. Brown. (Rec. Doc. 1, page 3 and Rec. Doc. 4, page 3).

Mr. Batiste complains that Judge Kern Reese entered a judgment disqualifying him from the ballot. Mr. Batiste did not appeal from that decision. (Rec. Doc 1, page 3 and Rec. Doc. 4, page 3 - 4).

Plaintiffs complain that both judicial decisions were because the author of the Fourth Circuit opinion, Judge Paula A. Brown, is a friend of a Mr. Erroll G. Williams and that Judge Kern Reese is a friend and ally of Judge Paula A. Brown and Mr. Erroll Williams. (Rec. Doc. 1, page 3 and Rec. Doc. 4, page 3 – 4). It is these decisions that are alleged to violate the Voting Rights Act.

Plaintiffs seek declaratory and injunctive relief and compensatory damages of ten million dollars.

## I. MONEY DAMAGES ARE NOT AVAILABLE UNDER VOTING RIGHTS ACT

Plaintiffs seek compensatory damages of ten million dollars. However, such a remedy is not available under the Voting Rights Act.

The aim of enforcement mechanisms under the Voting Rights Act is not compensation. Rather it is to provide expeditious and effective declaratory and injunctive relief. *Vondy v. White*, 719 F. 2d 1265, 1266 (5th Cir. 1983); *Forman v. Dallas County, Texas*, 990 F. Supp. 505, 512 (N.D. Tex. 1998); *Allen v. City of Laurel*, 2009 WL 2486183 (S.D. Miss. 2009).

As there is no private cause of action for damages under the Voting Rights Act, this claim must be dismissed.

## II. JUDICIAL IMMUNITY

Plaintiffs' claims for damages and for injunctive relief are barred by judicial immunity. Judicial immunity is properly evaluated under a 12(b)(6) motion. *David v. Bayless*, 70 F. 3d 367 (5th Cir. 1995). To survive a 12(b)(6) motion, the plaintiff must plead enough facts to state a claim for relief that is plausible on its face. *In Re Katrina*

2

*Canal Breaches Litig.*, 495 F. 3d 191, 205 (5th Cir. 2007). In other words, plaintiff must provide enough factual allegations which, if taken as true, raise his right to relief above the speculative level. *Id.*

Judges have absolute immunity for judicial acts performed within their jurisdiction. *Hale v. Harvey*, 786 F. 2d 688, 690 (5th Cir. 1986). Although this immunity previously only extended to all actions for damages, it now explicitly applies under Section 1983, regardless of whether the plaintiff seeks damages or injunctive relief. *Kuhn v. Thompson,* 304 F. Supp. 2d 1313 (M.D. Ala. 2004); *Patterson v. Orleans Parish Dist. Atty.*, 2007 WL 5063238 (E.D. La. 4/16/03). Moreover, to the extent the plaintiffs seek to fashion this as a suit against the judges in their official capacities for a prospective injunctive relief to enforce federal law under *Ex Parte Young*, a federal court has no power to direct a state court or its judicial officers in the performance of their duties when mandamus is the only relief sought. *Id*. A request for prospective injunctive relief against state judicial officers, though permitted under *Ex Parte Young*, is forbidden under the principle that federal courts lack the authority to direct state courts in the performance of their duties. *Burden v. Walker*, 2012 WL 2995702 (E.D. Tex. July 23, 2012).

The doctrine of judicial immunity extends to all acts performed by judges in their judicial capacity. *Daniels v. Stovall*, 660 F. Supp. 301, 303 (S.D. Tex. 1987). It applies even when a judge is alleged to act with malice or bad faith. *Ballard v. Wall*, 413 F. 3d 510, 515 (5th Cir. 2005).

The allegations contained in the complaint and amended complaint concern acts that are clearly judicial. The rendering of judgments is a judicial act. To the extent that

3

plaintiffs are claiming Judge Reese should have recused himself, "Courts unanimously have found that a failure to recuse oneself is a judicial act for purposes of absolute judicial immunity." *Price v. Porter*, 2009 WL 1210509 (W.D. La. 5/1/09).

### III. ROOKER-FELDMAN DOCTRINE

Plaintiffs are seeking to collaterally attack the final state court judgments in their cases. Federal district courts do not have jurisdiction to hear collateral attacks on state court judgments. *United States v. Shepherd*, 23 F. 3d 923, 924 (5th Cir. 1994). Under this principle, known as the *Rooker-Feldman* doctrine, a federal court may not reverse or modify final state court judgments. *Houston v. Queen*, 8 F. Supp. 3d 815, 819 (W.D. La. 2014). This limit on jurisdiction cannot be evaded by asserting claims not raised in the state court or by structuring the complaint as a civil rights action. *Liedtke v. State Bar of Texas*, 18 F. 3d 315, 317 (5th Cir. 1994). Plaintiffs' prayer for relief, that an immediate injunction issue against the defendants to return plaintiff's names to the ballot for the October 14, 2017 election (Rec. Doc. 1, page 10) is clearly asking this court to reverse the final judgment of the state courts and is thus barred by *Rooker-Feldman*.

        Respectfully submitted,

        **JEFF LANDRY**
        **ATTORNEY GENERAL**

**BY:**   /s/ *David G. Sanders*
        DAVID G. SANDERS, (Bar Roll #11696)
        ASSISTANT ATTORNEY GENERAL

Louisiana Department of Justice
Litigation Division
Post Office Box 94005
Baton Rouge, Louisiana  70804-9005
Telephone:  (225) 326-6300
Facsimile:  (225) 326-6491
Email: sandersd@ag.louisiana.gov

*Counsel of Record for Defendants -  Judges James F. McKay, III,  Edwin Lombard, Daniel L. Dysart, Rosemary LeDet, Paula Brown, and Kern A. Reese*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon all parties to this proceeding by CM/ECF notification, and to non CM/ECF participants, by first class United States Mail, properly addressed and postage prepaid.

**U. S. Mail Service:**

Howard Anthony Brown
4711 Marque Drive
New Orleans, LA  70127
*Pro Se Plaintiff*

Belden Batiste
1421 North Miro
New Orleans, LA 70119
*Pro Se Plaintiff*

**CM/ECF Service:**

Celia R. Cangelosi
Email: Celiacan@bellsouth.Net
*Counsel for Tom Schedler*

Christina B. Peck
Email: Cpeck@roedelparsons.com
**and**
Sheri M. Morris
Email: Smorris@roedelparsons.com
*Counsel for Defendant Jeff Landry*

Baton Rouge, Louisiana on this 26th day of October, 2017.

*/s/ David G. Sanders*

5