UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HOWARD ANTHONY BROWN, ET AL. | * * * | DOCKET NO.: 2:17-CV-9627 |
| | * | JUDGE JANE TRICHE MILAZZO |
| VERSUS | * * | |
| | * | MAGISTRATE JUDGE KAREN |
| TOM SCHEDLER, ET AL | * * | WELLS ROBY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE (REC. DOC. 14)**

MAY IT PLEASE THE COURT:

Under Federal Rules of Civil Procedure, Rule 55(a), a default may only be entered into the record "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend". The Fifth Circuit Court of Appeal has stated that it has a policy "against the use of default judgments" due to their truncated nature. *See Levitt-Stein v. Citigroup*, Inc., 284 Fed. Appx. 114, 115 (C.A. 5 Tex. 2008); *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F. 3d 933, 938 (C.A. 5 Miss. 1999); *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1459 (5th Cir. 1992). The Fifth Circuit has further explained that, "[w]e have adopted a policy in favor of resolving cases on their merits and against the use of default judgments." *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F. 3d 933, 938 (C.A. 5 Miss. 1999) quoting *Lindsey v. Prive Corp.*, 161 F. 3d 886, 892-3 (5th Cir. 1998) and *Sun Bank of Ocala v. Pelican Homestead & Sav. Assn.*, 874 F. 2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the Federal

Rules and resorted to by the courts only in extreme situations."). The plaintiff here has shown no extreme circumstance or any reason to violate the policy of the Fifth Circuit Court of Appeal in the request of a default judgment.

Further, the Fifth Circuit Court of Appeal has taken an expansive view as to what constitutes an appearance under Rule 55(b)(2). Defendants herein show that they have enrolled and filed a Motion to Dismiss with the court showing their clear intent to pursue their defense of this claim. The Fifth Circuit has noted that they have,

> [C]onstrued the phrase "has appeared in the action" to require the filing of responsive papers of actual in-court efforts by defendant. *See United States .v McCoy*, 954 F. 2d 1000, 1003 (5th Cir. 1992) (noting the "relatively low threshold for making an appearance for purposes of Rule 55(b)(2)'s three-day notice requirement"). Rather, to qualify as an appearance and trigger Rule 55(b)(2)'s notice requirements, the defendant's actions merely must give the plaintiff a clear indication that the defendant intends to pursue a defense and must be responsive to the plaintiff's formal court action." *Baez v. S.S. Kresge Co.*, 518 F. 2d 349, 350 (5th Cir. 1975); see also *Sun Bank*, 874 F. 2d at 276 (noting that appearances "include a variety of informal acts on defendant's part which are responsive to plaintiff's formal action in court, and which may be regarded as sufficient to give plaintiff a clear indication of defendant's intention to contest the claim") *Rogers v. Hartford Life and Acc. Ins. Co*. 167 F. 3d 933 at 936-937 (C.A. 5 Miss. 1999).

Appearing defendants have appeared herein and filed a Motion to Dismiss showing their indication of their intention to contest the claim, and otherwise defend.

Federal Courts are courts of limited subject matter jurisdiction. Statutes like 28 U.S.C. § 1331 (federal question jurisdiction) and § 1332 (diversity of citizenship) grant the federal district courts jurisdiction to adjudicate certain "cases" and "controversies" that the judiciary branch is permitted to adjudicate under Article III, § 2 of the United States Constitution. Under 28 U.S.C. § 1257(a), the United States Supreme Court has

discretionary appellate jurisdiction over the decisions of the highest courts of the States when certain federal constitutional or statutory questions are involved.

The *Rooker-Feldman* doctrine states that the United States Supreme Court's appellate jurisdiction under § 1257 "precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under" § 1331, § 1332, and others. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005); *see Rooker v. Fid Trust Co.*, 263 U.S. 413 (1923); *see D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). This doctrine "recognizes that 28 U.S.C. § 1331 [among others] is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to" the United States Supreme Court alone under § 1257(a). *Id.* at 292, *quoting Verizon Md. Inc. v. PSC*, 535 U.S. 635, 645 n.3 (2002). Thus, a federal district court does not have subject matter jurisdiction over a case that "call[s] upon the District Court to overturn an injurious state-court judgment," as the United States Supreme Court has exclusive jurisdiction over such a case. *Id*.

The court has an independent obligation to determine whether it has subject matter jurisdiction in a particular case. It is axiomatic that when a court renders judgment in a case over which it does not have subject matter jurisdiction, the judgment is void. *Brumfield v. La. State. Bd. Of Educ.*, 806 F. 3d 289, 298 (5th Cir. 2015). Thus, even had the clerk of court entered a default, such entry of default would be subject to a motion to set aside for lack of subject matter jurisdiction.

3

Lastly, although plaintiffs allege that the original complaint was served on September 27, 2017, and the record reflects that (Rec. Doc. 3), there are no service returns in the record reflecting the date service was made of the Amending Complaint filed on October 2, 2017 (Rec. Doc. 4). Pursuant to FRCP Rule 15(a)(3) any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later. It is plaintiff's burden of showing proper service prior to moving for the entry of default judgment.

WHEREFORE, plaintiffs' motion to strike (Rec. Doc. 14) should be denied.

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

**BY:**   /s/ *David G. Sanders*
DAVID G. SANDERS, (Bar Roll #11696)
ASSISTANT ATTORNEY GENERAL

**Louisiana Department of Justice**
Litigation Division
Post Office Box 94005
Baton Rouge, Louisiana  70804-9005
Telephone:  (225) 326-6300
Facsimile:  (225) 326-6491
Email: sandersd@ag.louisiana.gov

*Counsel of Record for Defendants -  Judges James F. McKay, III,  Edwin Lombard, Daniel L. Dysart, Rosemary LeDet, Paula Brown, and Kern A. Reese*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon all parties to this proceeding by CM/ECF notification, and to non CM/ECF participants, by first class United States Mail, properly addressed and postage prepaid.

| **U. S. Mail Service:** | **CM/ECF Service:** |
|---|---|
| Howard Anthony Brown<br>4711 Marque Drive<br>New Orleans, LA  70127<br>*Pro Se Plaintiff* | Celia R. Cangelosi<br>Email: Celiacan@bellsouth.Net<br>*Counsel for Tom Schedler* |
| Belden Batiste<br>1421 North Miro<br>New Orleans, LA 70119<br>*Pro Se Plaintiff* | Christina B. Peck<br>Email: Cpeck@roedelparsons.com<br>**and**<br>Sheri M. Morris<br>Email: Smorris@roedelparsons.com<br>*Counsel for Defendant Jeff Landry* |

Baton Rouge, Louisiana on this 7th day of November, 2017.

*/s/ David G. Sanders*