# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HOWARD ANTHONY BROWN and BELDEN BATISTE** | **Civil Action No. 17- 09627** |
| **vs**. | **JTM-KWR** |
| **TOM SCHEDLER, ET AL.** | |

## MEMORANDUM IN SUPPORT OF MOTIONS TO DISMISS COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF AND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF ON BEHALF OF ATTORNEY GENERAL JEFF LANDRY

**NOW INTO COURT**, through undersigned counsel, comes Defendant Jeff Landry, in his official capacity as Attorney General of the State of Louisiana ("Attorney General Landry"), who files this Memorandum in Support of the Motions to Dismiss Complaint For Damages and Injunctive and Declaratory Relief (hereafter the "Complaint")[1] and Amended Complaint For Damages and Injunctive and Declaratory Relief (hereafter the "Amended Complaint"),[2] filed on behalf of Attorney General Landry. For the reasons set forth in this Memorandum, this Court lacks subject matter jurisdiction over the Plaintiffs' claims, as set forth in the Complaint and the Amended Complaint, and the Complaint and the Amended Complaint fail to state a claim upon which relief can be granted.

Plaintiffs Howard Anthony Brown (hereafter "Brown") and Belden Batiste (hereafter "Batiste") brought this action against Tom Schedler, in his official capacity as Secretary of State of Louisiana; Jeff Landry, in his official capacity as Attorney General of Louisiana; Judges James F. McKay, III, Edwin Lombard, Daniel L. Dysart, Rosemary Ledet and Paula A. Brown, in their official capacities as judges of the Louisiana Fourth Circuit Court of Appeal; and Judge

---

[1] Doc.1.
[2] Doc. 4.

-1-

Kern A. Reese, in his official capacity as a judge of the Civil District Court of Orleans Parish, Louisiana (hereafter the "Judges"). In the Complaint and Amended Complaint, Plaintiffs allege that they were disqualified as candidates for the offices of Orleans Parish Assessor (in the case of Brown) and New Orleans City Council, District D (in the case of Batiste) for failure to comply with the provisions of "The Non-Payment of State Tax Law"[3], and that the disqualification violates Article I, §10 of the Louisiana Constitution[4] and Section 5 of the Voting Rights Act of 1965, 42 U.S.C. §1973c (hereafter Section 5 of the VRA"). The Complaint and Amended Complaint also allege that the state law provisions under which Brown and Batiste were disqualified as candidates in the October 14, 2017 election are "bias, ambiguous, discriminatory and possess a double standard in its application" because they do not apply to candidates for the

---

[3] Doc. 1, p. 4; Doc. 4, p.4. Neither the Complaint nor the Amended Complaint specifies what provision of state law is "the Non-Payment of State Tax Law; however, based on the factual allegations contained in the Complaint and the Amended Complaint, the Attorney General believes the Plaintiffs are referring to Act 827 of 2010, which amended La. R.S. 18:463(A)(2)(a)(iv), to provide as follows:

(2)(a) The notice of candidacy also shall include a certificate, signed by the candidate, certifying all of the following:

(iv) Except for a candidate for United States senator or representative in congress, that for each of the previous five tax years, he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both, or was not required to file either a federal or state income tax return or both.

Act 827also amended La. R.S. 18:492 to add subsection (A)(7), which provides:

A. An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds:

(7) The defendant falsely certified on his notice of candidacy that for each of the previous five tax years he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both as provided in R.S. 18:463(A)(2), or was not required to file either a federal or state income tax return or both.

[4] Doc.1, p.5 & Doc. 4, p.5.

office of United States Senator or Representative in Congress.[5]

The Complaint and the Amended Complaint both seek the following relief:

1.      Declaratory judgment that defendants policies and practice violate plaintiffs Rights as to participate in the political process as outlined in The Voting Rights Act of 1965.

2.      An immediate injunction against Defendants to return Plaintiffs names back on the ballot for the October 14, 2017, Local Government Election.

3.      Permanent injunction against all Defendants and their agencies, from utilizing any of the Jim Crow Laws against candidates running for public office.

4.      Compensatory Damages against all Defendants in the amount of Ten Million Dollars.

This Court lacks subject matter jurisdiction over the Plaintiffs' state court claims under 28 U.S.C. §1332, the *Rooker-Feldman* doctrine, and the Eleventh Amendment, and all of these claims should be dismissed with prejudice. Additionally, the Complaint and Amended Complaint fail to state a claim upon which relief can be granted under Section 5 of the VRA, and those claims should be dismissed as well.

## LAW AND ARGUMENT

1.  **This Court Lacks Subject Matter Jurisdiction Under 28 U.S.C. §1332.**

The Complaint and Amended Complaint allege that this Court has jurisdiction to hear this case under 28 U.S.C. §1332. Section 1332(a) provides as follows:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state, except that the district

---

[5] Doc.1, p.7, Doc. 4, p.7.

courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

Based on the allegations of the Complaint and Amended Complaint, each of the Plaintiffs is a citizen of the State of Louisiana. The Defendants are all citizens of the State of Louisiana; therefore, there is no diversity of citizenship between the Plaintiffs and the Defendants.

## 2. This Court Lacks Jurisdiction under the *Rooker-Feldman* Doctrine.

Federal district courts lack subject matter jurisdiction to hear collateral attacks on state court judgments under the *Rooker-Feldman* doctrine.[6] Under this doctrine, a federal court may not reverse or modify final state court judgments.[7] The Plaintiffs cannot evade this limit on the federal district court's jurisdiction by asserting claims that were not raised in the state court proceedings or by structuring the federal court complaint as a civil rights action.[8] Plaintiffs in this case clearly are seeking to collaterally attack the final state court judgments which disqualified them as candidates for the October 14, 2017 election. Plaintiffs pray for an immediate injunction against the defendants to return Plaintiffs' names to the ballot for the October 14, 2017 election.[9] The Plaintiffs' request to be returned to the ballot, in addition to being moot, seeks reversal of final judgments rendered by Louisiana state courts, and is barred under the *Rooker-Feldman* doctrine.

---

[6] See *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994).
[7] *Houston v. Queen*, 8 F. Supp 3d 815, 819 (W.D. La. 2014).
[8] *Liedtke v. State Bar of Texas*, 18 F. 3d 315, 317 (5th Cir. 1994).
[9] Doc. 1, p.10, Doc. 4, p.10.

### 3. The Eleventh Amendment Bars This Suit.

Plaintiffs bring this suit against the Secretary of State of Louisiana, the Attorney General of Louisiana, and the Judges in their official capacities only. It is well-settled that when the Eleventh Amendment applies to bar a suit against a state, federal courts are divested of subject matter jurisdiction.[10] The Supreme Court has held that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as citizens of another State."[11]

It is also well-settled that, absent consent, suits against an instrumentality of a state in federal court are barred by the Eleventh Amendment.[12] The Supreme Court has held that state immunity under the Eleventh Amendment extends to actions against certain state agencies and instrumentalities that are classified as "arms of the State."[13] Lawsuits against government officials acting in their official capacities are considered to be lawsuits brought against the entity of which they are agents,[14] and the law is clear that state officials may invoke Eleventh Amendment immunity when they are sued in their official capacities.[15]

The Eleventh Amendment forbids federal courts from entertaining a suit brought by a citizen against his own state.[16] Congress may abrogate this immunity or a state may waive it, but such waiver must be express and unequivocal.[17] "A general authorization for suit in federal court is not the kind of unequivocal statutory language sufficient to abrogate the Eleventh

---

[10] *Fairport Int'l Explorations, Inc. v. Shipwrecked Vessel Known as THE CAPTAIN LAWRENCE*, 105 F.3d 1078, 1082 (6th Cir. 1997).

[11] *Edelman v. Jordan*, 415 U.S. 651,662-63, 94 S. Ct. 1347, 39 L.Ed.2d 662 (1974).

[12] *Pennhurst State Sch.and Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900,908, 79 L.Ed2d 67 (1984).

[13] *Regents of the University of California v. John Doe*, 519 U.S. 425,430, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997).

[14] See *Kentucky v. Graham*, 105 S.Ct. 3099 (1985); See also *Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996).

[15] *Edelman v. Jordan, supra*, at 663.

[16] *Pennhurst State Sch.and Hosp. v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 79 L.Ed2d 67 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183,185-86 (5th Cir.1986).

[17] See *Edelman v. Jordan*, 415 U.S. 651,673, 94 S. Ct. 1347, 39 L.Ed.2d 662 (1974); *Welch v. Dep't of Highways*, 780 F.2d 1268, 1271-1273 (5th Cir.1986).

Amendment."[18]

### a. Louisiana Has Not Waived Sovereign Immunity.

This Court and the United States Court of Appeals for the Fifth Circuit have repeatedly recognized that Louisiana has not waived its immunity generally from suit in federal court.[19] La. R.S. 13:5106(a) provides: "No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court." It is clear that this action in federal court seeking injunctive relief against state officials for alleged violations of state law is barred by the Eleventh Amendment.

The Fifth Circuit has held that the Eleventh Amendment not only bars claims for injunctive relief based on state law, but also bars claims for declaratory relief based on state law.[20] Because the Eleventh Amendment bars federal courts from granting injunctive and declaratory relief against state officials for claims based on state law, and since all of the Defendants are state officials sued in their official capacity, this Court must dismiss the Plaintiffs' state law claims for lack of subject matter jurisdiction.

### b. Section 5 Does Not Expressly Provide a Private Right of Action Against a State.

Plaintiffs' Complaint and Amended Complaint also allege claims under Section 5 of the VRA. This provision does not expressly provide a private right of action against a State, but rather authorizes an action by the United States Attorney General. Thus, no Congressional abrogation of the states' sovereign immunity can be found in the specific statute relied on by the

---

[18] *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 246, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985).

[19] *See, e.g., Patterson v. Stalder*, 2007 WL 2479830 (W.D. La. Aug. 27, 2007) (not reported in F.Supp.), citing *Usry v. Louisiana Department of Highways*, 459 F.Supp 56, 63-64 (E.D.La. 1978); *Kiper v. Louisiana State Bd. of Elementary and Secondary Education*, 592 F.Supp. 1343 (M.D. La.), *aff'd*, 778 F.2d 789 (5th Cir. 1985).

[20] *Holloway v. Walker*, 765 F.2d 517,525 (5th Cir. 1985), *cert. denied*, 106 S.Ct. 605 (1985).

Plaintiffs. Furthermore, even if this Court finds that the Plaintiffs do have a private right of action under Section 5, the Complaint and Amended Complaint fail to state a claim upon which relief may granted under Section 5 of the VRA in light of the retroactivity of the decision of the United States Supreme Court in *Shelby County v. Holder.*

### 4. The Plaintiffs Have Failed to State a Claim Under Section 5 of the VRA in Light of the Supreme Court's Decision in *Shelby County v. Holder*.

According to the Complaint and the Amended Complaint, this case arises out of the disqualification of Brown and Batiste as candidates for the October 14, 2017 election based on legislation passed in Louisiana which "violates the Voting Rights Act passed by the U.S. Congress in 1965 and which was still in full force and effect until the U.S. Supreme Court ruling in the case of Shelby County vs. Holder."[21] On June 25, 2013, the United States Supreme Court issued its opinion in *Shelby County v. Holder*, 133 S. Ct. 2612, 186 L.Ed.2d 651 (2013), declaring Section 4(b) of the VRA unconstitutional. The Supreme Court held that the Section 4(b) "coverage formula" could not be used as a basis for subjecting jurisdictions to preclearance by federal authorities.[22] The Supreme Court reasoned that Congress' failure to update Section 4(b)'s coverage formula when it reauthorized the VRA in 2006 left the Court "with no choice but to declare § 4(b) unconstitutional."[23] According to the Supreme Court, "[t]he formula in that section can no longer be use as a basis for subjecting jurisdictions to preclearance."[24]

As a result of the Supreme Court's opinion in *Shelby County,* the VRA no longer has a formula by which federal authorities may determine which jurisdictions are subject to

---

[21] Doc. 1, p.4; Doc 4, pp.4-5.
[22] *Shelby County v. Holder*, 133 S. Ct. at 2631.
[23] *Id*.
[24] *Id*.

preclearance, thus immobilizing Section .[25] Although the Supreme Court in *Shelby County* did not expressly indicate whether the decision should be applied retroactively, the United States District Courts for the Middle District of Louisiana,[26] the Southern District of Mississippi,[27] and the Middle District of Georgia[28] have held that *Shelby County* is to be given retroactive effect, and the Eleventh Circuit Court of Appeals[29] has applied *Shelby County* retroactively, citing *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 113 S. Ct. 2510, 125 L. Ed. 2d 74 (1993).

Plaintiffs' Complaint and Amended Complaint fail to state a claim under which relief can be granted as a matter of law in light of the Supreme Court's decision in *Shelby County*.

### 5. This Court Lacks Authority to Hear Plaintiffs' Section 5 Claims, But Has Authority to Dismiss Them.

The Plaintiff's Complaint and Amended Complaint should be dismissed for failure to state a claim in light of the Supreme Court's decision in *Shelby County, supra*. However, in the event this Court does not dismiss the Plaintiffs' claims pursuant to *Shelby County*, the claims should be dismissed because the Court lacks jurisdiction to determine the Plaintiffs' Section 5 claims. Section 5 provides two mechanisms by which covered jurisdictions may seek approval to enforce voting changes: obtain a declaratory judgment from the United States District Court for the District of Columbia; or obtain approval of the United States Attorney General prior to enacting or administering "any voting qualification or prerequisite to voting, or standard,

---

[25] *Id* at 2633, n.1 (Ginsburg, J., dissenting) ("The Court purports to declare unconstitutional only the coverage formula set out in § 4(b) . . . But without that formula, § 5 is immobilized.").

[26] *Hall v. Louisiana*, 973 F.Supp.2d 675, 683-684, (M.D. La. 2013), citing *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 113 S.Ct. 2910, 125 L.Ed.2d  74 (1993)

[27] *Thompson v. Attorney General of Mississippi*, 129 F.Supp.2d 403,488-489 (S.D. Miss.2015)

[28] *Bird v. Sumter County Board of Education*, No. 1:12-CV-76, 2013 WL 5797653 (M.D. Ga. Oct. 28, 2013).

[29] *Howard v. Augusta-Richmond County, Georgia, Commission*, No. 1:14-cv-00097 (11th Cir. Set. 2, 2015).

practice, or procedure with respect to voting different from that in force or effect on November 1, 1964." 42 U.S.C. 1973(c).  The second mechanism is commonly referred to as "preclearance."

Section 5 further provides that "[a]ny action under this section shall be heard and determined by a court of three judges in accordance with the provisions of section 2284 or Title 28 and any appeal shall lie to the Supreme Court." Section 2284(b) of Title 28 provides:

> "In any action required to be heard and determined by a district court of three judges under subsection (a) of this section, the composition and procedure of the court shall be as follows:
>
> (1)  Upon the filing of a request for three judges, the judge to whom the request is presented shall, unless he determines that three judges are not required, immediately notify the chief judge of the circuit, who shall designate two other judges, at least one of whom shall be a circuit judge. The judges so designated, and the judge to whom the request was presented, shall serve as members of the court to hear and determine the action or proceeding.
>
> (2)  If the action is against a State, or officer or agency thereof, at least five days' notice of hearing of the action shall be given by registered or certified mail to the Governor and attorney general of the State.
>
> (3)  A single judge may conduct all proceedings except the trial, and enter all orders permitted by the rules of civil procedure except as provided in this subsection. He may grant a temporary restraining order on a specific finding, based on evidence submitted, that specified irreparable damage will result if the order is not granted, which order, unless previously revoked by the district judge, shall remain in force only until the hearing and determination by the district court of three judges of an application for a preliminary injunction. A single judge shall not appoint a master, or order a referee, or **hear and determine any application for a preliminary or permanent injunction or motion to vacate such an injunction, or enter judgment on the merits.** Any action of a single judge may be reviewed by the full court at any time before final judgment. (emphasis added)

Under the provisions of 28 U.S.C. § 2284(b), a single judge may not hear or determine an application for injunctive relief for alleged violations of Section 5 of the VRA; however, a single judge may dismiss such a claim without convening a three judge panel where preclearance

claims are "wholly insubstantial" and completely without merit, such as where claims are frivolous or essentially fictitious, *League of United Latin American Citizens of Texas v. State of Texas*, 113 F. 3d 53 (5th Cir. 1997), *remanded on other grounds,* 995 F. Supp. 719.

The challenged legislation[30] was administratively precleared by the Attorney General of the United States under Section 5 of the Voting Rights Act in 2010, the same year it was enacted into law by the Louisiana Legislature. Act 827 of 2010, the legislation which amended La. R.S. 18:463(A)(2)(a)(iv) and La. R.S. 18:492 to create what Plaintiffs' refer to as "The Non-Payment of State Tax Law," was submitted to the Civil Rights Division of the U.S. Department of Justice on August 4, 2010, and a letter stating that the Attorney General did not interpose any objection to the legislation was issued by the Civil Rights Division of the U.S. Department of Justice on October 12, 2010.[31] In light of the administrative preclearance of Act 827 of 2010, this Court should dismiss the Plaintiffs' Section 5 claims without convening a three judge panel as the Plaintiffs' Section 5 claims are "wholly insubstantial" and completely without merit.

**6.  Compensatory Damages Are Not an Available Remedy Under the VRA.**

Plaintiffs seek compensatory damages of Ten Million Dollars; however, the VRA does not provide a private cause of action for money damages.[32] Therefore, the Plaintiffs' claim for monetary damages must be dismissed.

---

[30] Act 827 of 2010.

[31] See August 4, 2010 correspondence from Erin C. Day, Assistant Attorney General, to Chris Herren, Chief Voting Section, Civil Rights Division, U.S. Department of Justice  and attachments thereto, and October 12, 2010 correspondence from T. Christian Herren to Erin C. Day, copies of which are attached to this Memorandum as Exhibit "A".

[32] See *Vondy v. White*, 719 F.2d 1265, 1266 (5th Cir. 1983) and *Foreman v. Dallas County, Tex*., 990 F.Supp. 505, 512 (N.D. Tex.1998).

**WHEREFORE,** Defendant Jeff Landry prays that the Motions to Dismiss be granted, and Plaintiffs' Complaint (Doc. 1) and Amended Complaint (Doc. 4) be dismissed with prejudice and at Plaintiffs' cost.

Respectfully Submitted:

/s/ **Christina B. Peck**
Christina B. Peck (T.A.) (La. Bar #14302)
Email: cpeck@roedelparsons.com
Sheri M. Morris (La. Bar #20937)
Email: smorris@roedelparsons.com
ROEDEL PARSONS, KOCH, BLACHE,
BALHOFF & MCCOLLISTER, A.L.C.
8440 Jefferson Highway, Suite 301
Baton Rouge, Louisiana 70809-7652
Tele: 225/929-7033; Facsimile: 225/928-4925

*Counsel for Defendant Jeff Landry,*
*Attorney General of the State of Louisiana*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2017, the foregoing "Memorandum in Support of Motions to Dismiss Complaint For Damages and Injunctive and Declaratory Relief and Amended Complaint For Damages and Injunctive and Declaratory Relief on Behalf of Attorney General Jeff Landry" was filed electronically with the Clerk of Court using the CM/ECF system. All counsel will be served through the CM/ECF system.

I further certify that a copy of the above and foregoing "Memorandum in Support of Motions to Dismiss Complaint For Damages and Injunctive and Declaratory Relief and Amended Complaint For Damages and Injunctive and Declaratory Relief on Behalf of Attorney General Jeff Landry" was sent via U.S. Mail, properly addressed and with the proper postage, to the following non-CM/ECF participants, who are pro se litigants:

Howard Anthony Brown
4711 Marque Drive
New Orleans, LA 70127

Belden Batiste
1421 North Miro
New Orleans, LA 70119.

Baton Rouge, Louisiana, this 15th of November, 2017.

s/ Christina B. Peck
CHRISTINA B. PECK

-12-