**U.S. Department of Justice**

Civil Rights Division

TCH:RSB:JR:KG:tst
DJ 166-012-3
2010-3216

*Voting Section - NWB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*

October 12, 2010

RECEIVED

OCT 1 0 2010

CIVIL DIVISION

Erin C. Day, Esq.
Assistant Attorney General
P.O. Box 94005
Baton Rouge, Louisiana 70804-9005

Dear Ms. Day:

    This refers to Act No. 269 (H.B. 587) (2006), insofar as it defines residency requirements for qualifying for voting, candidacy or office-holding where involuntary displacement has occurred due to a gubernatorially declared state of emergency; and Act No. 827 (H.B. 671) (2010), which provides that involuntarily displaced candidates will be deemed to have met residency requirements for a period of up to one year from the end of a gubernatorially declared state of emergency and requires that candidates for office other than Congressional certify that they have timely filed state and federal income tax returns or are not required to file such returns for each of the previous five years, for the State of Louisiana, submitted to the Attorney General pursuant to Section 5 of the Voting Rights Act of 1965, 42 U.S.C. 1973c. We received your submission on August 10, 2010.

    The Attorney General does not interpose any objection to the specified changes. However, we note that Section 5 expressly provides that the failure of the Attorney General to object does not bar subsequent litigation to enjoin the enforcement of the changes. Procedures for the Administration of Section 5 of the Voting Rights Act of 1965, 28 C.F.R. 51.41

Sincerely,

T. Christian Herren, Jr.
Chief, Voting Section

**EXHIBIT A**



JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL

**State of Louisiana**
DEPARTMENT OF JUSTICE
P.O. BOX 94005
BATON ROUGE
70804-9005

**CERTIFIED MAIL
RETURN RECEIPT REQUESTED**

August 4, 2010

Mr. Chris Herren
Chief, Voting Section
Civil Rights Division
Room 7254-NWB
U.S. Department of Justice
950 Pennsylvania Ave, NW
Washington, D.C. 20530

Re: Sec. 5 submission of Act 827 of the 2010 Regular Session of the Louisiana Legislature and Act 269 of the 2010 Regular Session of the Louisiana

Dear Mr. Herren:

Enclosed please find the submission of Act 827 of the 2010 Regular Session of the Louisiana Legislature and Act 269 of the 2006 Regular Session of the Louisiana Legislature, pursuant to Section 5 of the 1965 Voting Rights Act.

If you have any questions, please call the undersigned assistant attorney general, (225) 326-6040. Thank you for your assistance in this matter.

Yours very truly,

JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL

By: *Erin C. Day*

Erin C. Day
Assistant Attorney General

JDC/ECD
Enclosures

Sec. 5 Submission
Page -2 -

## LEGISLATIVE PROCLAMATION SUBMISSION
## SECTION 5 OF THE VOTING RIGHTS ACT OF 1965;
## REQUIRED CONTENTS (28 CFR § 51.27)

### ACT 827 OF THE 2010 REGULAR
### SESSION OF THE LOUISIANA LEGISLATURE

a)    A copy of any ordinance, enactment, order or regulation embodying a change affecting voting:

      Enclosed herein as *Exhibit A*, please find a copy of Act 827 of the 2010 Regular Session, introduced by Representative Juan LaFonta (504) 282-0265.

b)    A copy of any ordinance, enactment, order, or regulation embodying the voting practice that is proposed to be repealed, amended, or otherwise changed:

      Act 827 (2010, R.S.) amends and reenacts La. R.S. 18:451.3, 463(A)(2)(a)(iv), and enacts La. R.S. 18:492(A)(7). A copy of La. R.S. 18:451.3, 462 and 492 are enclosed as *Exhibit B*.

c)    If the change affecting voting either is not readily apparent on the face of the documents provided under paragraphs (a) and (b) of this section or is not embodied in a document, a clear statement of the change explaining the difference between the submitted change and the prior law or practice, or explanatory materials adequate to disclose to the Attorney General the difference between the prior and proposed situation with respect to voting:

      Enclosed herein as *Exhibit C*, please find a copy of the Digest for Act 827 (2010, R.S.), which provides a clear statement explaining the new law.

d)    The name, title, address, and telephone number of the person making the submission:

      Erin C. Day
      Assistant Attorney General
      Post Office Box 94005
      Baton Rouge, Louisiana 70804-9005
      (225) 326-6040

Sec. 5 Submission
Page -3 -

e) The name of the submitting authority and the name of the jurisdiction responsible for the change, if different:

>   State of Louisiana, Department of Justice
>   James D. "Buddy" Caldwell, Attorney General

f) If the submission is not from a state or county, the name of the county and state in which the submitting authority is located:

>   Please see (e) above.

g) Identification of the person or body responsible for making the change and the mode of decision (e.g., act of state legislature, ordinance of city council, administrative decision by registrar):

>   Act 827 (2010, R.S.) was adopted by the Louisiana Legislature pursuant to its general legislative powers provided in Article III, Section 1 of the Louisiana Constitution of 1974 and the Constitution of the United States of America, Amendment X.

h) A statement identifying the statutory or other authority under which the jurisdiction undertakes the change and a description of the procedures the jurisdiction was required to follow in deciding to undertake the change:

>   Please see (g) above.

i) The date of adoption of the change affecting voting:

>   Act 827 (2010, R.S.) was passed on April 14, 2010 by a vote of 96-1 in the House and passed with amendments on June 20, 2010 by a vote of 32-0 in the Senate. The amendments were concurred in the House on June 20, 2010 by a vote of 59-24.

j) The date on which the change is to take effect:

>   Act 827 (2010, R.S.) was signed by the governor on June 30, 2010 and has an effective date of August 15, 2010.

k) A statement that the change has not yet been enforced or administered, or an explanation of why such a statement cannot be made:

>   Act 827 (2010, R.S.) has not yet been enforced or administered.

Sec. 5 Submission
Page -4 -

l)     **Where the change will affect less than the entire jurisdiction, an explanation of the scope of the change:**

        Act 827 (2010, R.S.) effects the entire State of Louisiana.

m)     **A statement of the reasons for the change:**

        Please see Exhibit C.

n)     **A statement of the anticipated effect of the change on members of racial or language minority groups:**

        There is no anticipated adverse effect on any member of a racial or language minority group.

o)     **A statement identifying any past or pending litigation concerning the change or related voting practices:**

        There is no past or pending litigation concerning Act 827 (2010, R.S.).

p)     **A statement that the prior practice has been precleared (with the date) or is not subject to the preclearance requirement and a statement that the procedure for the adoption of the change has been precleared (with the date) or is not subject to the preclearance requirement or an explanation of why such statements cannot be made:**

        La. R.S. 18:463 and 492 have received prior preclearance as shown in *Exhibit D*. La. R.S. 18:451.3 was enacted by Act 269 (2006) and is enclosed for preclearance.

Regular Session, 2010

HOUSE BILL NO. 671

BY REPRESENTATIVE LAFONTA

**ENROLLED**

# ACT No. 827

| | |
|---|---|
| 1 | AN ACT |
| 2 | To amend and reenact R.S. 18:451.3, 463(A)(2)(a)(iv), and to enact R.S. 18:492(A)(7), |
| 3 | relative to the Louisiana Election Code; to provide relative to precinct changes; to |
| 4 | authorize an exception to residency requirements for persons displaced by |
| 5 | gubernatorially declared emergencies; to provide qualifications for candidacy for |
| 6 | public office, notice of candidacy, and grounds for objection to candidacy; and to |
| 7 | provide for related matters. |
| 8 | Be it enacted by the Legislature of Louisiana: |
| 9 | Section 1. R.S. 18:451.3 and 463(A)(2)(a)(iv) are hereby amended and reenacted and |
| 10 | R.S. 18:492(A)(7) is hereby enacted to read as follows: |
| 11 | §451.3. Displaced persons seeking to qualify; domicile, residence |
| 12 | ~~In the event~~ If the qualifications for an office include a residency or ~~domicile~~ |
| 13 | domiciliary requirement, any person who is seeking election to such office and who |
| 14 | has been involuntarily displaced from his ~~place of~~ residence or domicile by the |
| 15 | effects of a gubernatorially declared state of emergency shall not be considered to |
| 16 | have vacated his domicile or residence for purposes of qualifying for ~~or~~ and |
| 17 | subsequently holding office, unless ~~he has either~~ any of the following is true: |
| 18 | (1) He has established a new domicile. |
| 19 | (2) ~~or~~ He has changed his registration to an address outside the voting |
| 20 | district in which he seeks election. |
| 21 | (3) One year has passed since the end of the declared state of emergency. |
| 22 | §463. Notice of candidacy; financial ~~statements~~ disclosure; political advertising; |
| 23 | penalties |
| 24 | A. |
| 25 | *   *   * |

CODING: Words in ~~struck through~~ type are deletions from existing law; words underscored are additions.


STATE'S EXHIBIT A

HB NO. 671                          **ENROLLED**

1     (2)(a) The notice of candidacy also shall include a certificate, signed by the
2     candidate, certifying all of the following:
3                       \*    \*    \*
4     (iv) That he has attached to the notice of his candidacy the financial statement
5     required by Subsection B of this Section, if applicable. Except for a candidate for
6     United States senator or representative in Congress, that for each of the previous five
7     tax years, he has filed his federal and state income tax returns, has filed for an
8     extension of time for filing either his federal or state income tax return or both, or
9     was not required to file either a federal or state income tax return or both.
10                       \*    \*    \*
11     §492. Grounds for an objection to candidacy
12     A. An action objecting to the candidacy of a person who qualified as a
13     candidate in a primary election shall be based on one or more of the following
14     grounds:
15                       \*    \*    \*
16     (7) The defendant falsely certified on his notice of candidacy that for each of
17     the previous five tax years he has filed his federal and state income tax returns, has
18     filed for an extension of time for filing either his federal or state income tax return
19     or both as provided in R.S. 18:463(A)(2), or was not required to file either a federal
20     or state income tax return or both.
21                       \*    \*    \*

 

_____
SPEAKER OF THE HOUSE OF REPRESENTATIVES

_____
PRESIDENT OF THE SENATE

_____
GOVERNOR OF THE STATE OF LOUISIANA

APPROVED: _____

CODING: Words in struck through type are deletions from existing law; words underscored are additions.

§451.3. Displaced persons seeking to qualify; domicile, residence

In the event the qualifications for an office include a residency or domicile requirement, any person seeking election to such office who has been involuntarily displaced from his place of residence or domicile by the effects of a gubernatorially declared state of emergency shall not be considered to have vacated his domicile or residence for purposes of qualifying for or holding office, unless he has either established a new domicile or has changed his registration to an address outside the voting district in which he seeks election.

Acts 2006, No. 269, §1, eff. June 8, 2006.


STATE'S EXHIBIT B

§463. Notice of candidacy; financial statements; political advertising; penalties

A.(1)(a) A notice of candidacy shall be in writing and shall state the candidate's name, the office he seeks, the address of his domicile, the parish, ward, and precinct where he is registered to vote, and the political party, if any, with which he is registered as being affiliated. No candidate shall change or add his political party designation, for purposes of printing on the election ballot as required by R.S. 18:551(D), after he has qualified for the election.

(b) The candidate shall designate in the notice the form in which his name shall be printed on the ballot. The candidate may designate his given, first, and middle name, the initials of his given, first, and middle name, a nickname, or any combination thereof as the form in which his name shall be printed on the ballot, but he shall not designate a title, designation, or deceptive name, nor shall he designate an occupational or professional description or abbreviation. If the candidate designates a nickname in place of or in combination with his given name or the initials thereof, the nickname shall be set off with quotation marks and shall be placed immediately preceding his surname. A candidate shall include his surname in his designation of the form in which his name shall be printed on the ballot.

(c) When an agent files a notice of candidacy on behalf of a candidate, the agent shall file with the qualifying official an affidavit attesting that the agent has the authorization and consent of the candidate to file the notice.

(2)(a) The notice of candidacy also shall include a certificate, signed by the candidate, certifying all of the following:

(i) That he has read the notice of his candidacy.

(ii) That he meets the qualifications of the office for which he is qualifying.

(iii) That he is not currently under an order of imprisonment for conviction of a felony and that he is not prohibited from qualifying as a candidate for conviction of a felony pursuant to Article I, Section 10 of the Constitution of Louisiana.

(iv) That he has attached to the notice of his candidacy the financial statement required by Subsection B of this Section, if applicable.

(v) That he acknowledges that he is subject to the provisions of the Campaign Finance Disclosure Act (R.S. 18:1481 et seq.) if he is a candidate for any office other than United States senator, representative in congress, or member of a committee of a political party and that he does not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act.

(vi) That he does not owe any outstanding fines, fees, or penalties pursuant to the Code of Governmental Ethics.

(vii) That all of the statements contained in it are true and correct.

(b) The certificate shall be executed before a notary public or shall be witnessed by two persons who are registered to vote on the office the candidate seeks. If the candidate is serving outside the state with the armed forces of the United States, his notice of candidacy shall be witnessed by a commissioned officer in the armed forces of the United States.

(c) For the purposes of this Paragraph, "outstanding fine, fee, or penalty pursuant to the Campaign Finance Disclosure Act" shall mean a fine, fee, or penalty equal to an amount of two hundred fifty dollars or more assessed by order of the Supervisory Committee on Campaign Finance Disclosure pursuant to the Campaign Finance Disclosure Act which has been converted into a court order for which all appeals have been exhausted or a judgment of a district court assessing civil penalties pursuant to the Campaign Finance Disclosure Act and which has become executory pursuant to R.S. 18:1511.5. "Outstanding fines, fees, or penalties pursuant to the Code of Governmental Ethics" shall mean a fine, fee, or penalty equal to an amount of two hundred fifty dollars or more imposed by the Board of Ethics for which all appeals have been exhausted. "Outstanding fine, fee, or penalty" shall not mean any fine, fee, or penalty which has been paid in full or for which the candidate is in compliance with a payment

plan established in writing between the Supervisory Committee on Campaign Finance Disclosure and the candidate or the Board of Ethics and the candidate as applicable.

(3) The notice of candidacy also shall include a certificate, signed by the candidate, certifying that he is knowledgeable of the laws governing election offenses as provided in Chapter 10 of this Title and that he is knowledgeable of the prohibitions relative to erecting, displaying, or posting political campaign signs on any highway right-of-way, publicly owned property or right-of-way, or to or on any public utility pole or stanchion, as provided in R.S. 48:347(D), R.S. 30:2544(A), and R.S. 18:1470. Except as provided in R.S. 30:2544, whoever so erects, displays, or posts political campaign signs on any publicly owned property or right-of-way, or to or on any public utility pole or stanchion shall be guilty of a misdemeanor and shall be fined not in excess of one hundred dollars or imprisoned for not more than thirty days, or both.

(4) An agent who files a notice of candidacy without the authorization or consent of the candidate to file such notice of candidacy shall be guilty of a misdemeanor and shall be fined not in excess of five hundred dollars or imprisoned for not more than thirty days, or both.

B. Repealed by Acts 2008, 1st Ex. Sess., No. 1, §3, eff. Jan. 1, 2009.

C. On the forms for notice of candidacy which are prepared, printed, and distributed by the secretary of state, a notice shall be printed below the signature line which shall inform the candidate that copies of the forms and pamphlets of explanation and instruction which are distributed by the Supervisory Committee on Campaign Finance Disclosure are available from the clerk of court or the committee, and that information contained in the notice of candidacy may be posted on the website of the secretary of state as determined by the secretary of state.

D. Not later than the Friday before the opening of the qualifying period for any primary election, the Supervisory Committee on Campaign Finance Disclosure shall deliver a sufficient number of informational packets containing reporting forms and instructions to all officials with whom candidates will qualify for such primary election. The informational packet shall include a notice to the candidate that questions concerning the Campaign Finance Disclosure Act should be addressed to the Supervisory Committee on Campaign Finance Disclosure, not the official with whom the candidate qualifies. If a candidate qualifies in person, such informational packets shall be distributed to each candidate upon receipt of the candidate's notice of candidacy by the official with whom the candidate qualifies for office. If a candidate qualifies by submitting his notice of candidacy by certified mail, commercial carrier, or agent, such informational packets shall be mailed to the candidate at the address of his domicile as set forth in the notice of candidacy within forty-eight hours after receipt of the notice of candidacy.

E. No changes to the information contained in a notice of candidacy shall be made after the close of qualifying, except to correct an error made by the qualifying official who entered the information contained in the notice of candidacy into the database of the Department of State.

F. The Board of Ethics shall work in conjunction with the attorney general to create informational packets summarizing provisions of the laws relative to dual officeholding and laws under the jurisdiction of the board applicable to public officials relative to conflicts of interest and prohibited transactions, payments, contracts, and employment. The Board of Ethics shall provide such an informational packet in the same manner as provided in Subsection D of this Section to any candidate who qualifies for office.

Acts 1976, No. 697, §1, eff. Jan. 1, 1978. Amended by Acts 1978, No. 292, §1, eff. July 6, 1978; Acts 1980, No. 786, §2, eff. Jan. 1, 1980; Acts 1982, No. 747, §1, eff. Aug. 2, 1982; Acts 1982, No. 778, §1, eff. Aug. 4, 1982; Acts 1983, No. 519, §1, eff. July 8, 1983; Acts 1984, No. 672, §1; Acts 1984, No. 225, §2; Acts 1988, No. 909, §1, eff. Jan. 1, 1989; Acts 1989, No. 768, §2; Acts 1991, 1st E.S., No. 1, §1, eff. Sept. 1, 1991; Acts 1995, No. 300, §1, eff. June 15, 1995; Acts 1999, No. 1130, §1;

Acts 2001, No. 47, §1; Acts 2003, No. 529, §1, eff. June 27, 2003; Acts 2003, No. 1220, §1, eff. Jan. 1, 2004; Acts 2004, No. 526, §1, eff. Jan. 1, 2005, and §2, eff. June 25, 2004; Acts 2004, No. 829, §1, eff. Jan. 1, 2005; Acts 2004, No. 896, §1, eff. Jan. 1, 2005; Acts 2008, 1st Ex. Sess., No. 1, §3, eff. Jan. 1, 2009; Acts 2008, 1st Ex. Sess., No. 16, §1, eff. Jan. 1, 2009.

§492. Grounds for an objection to candidacy

A. An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds:

(1) The defendant failed to qualify for the primary election in the manner prescribed by law.

(2) The defendant failed to qualify for the primary election within the time prescribed by law.

(3) The defendant does not meet the qualifications for the office he seeks in the primary election.

(4) The defendant is prohibited by law from becoming a candidate for one or more of the offices for which he qualified.

(5) The defendant falsely certified on his notice of candidacy that he does not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act as provided in R.S. 18:463(A)(2).

(6) The defendant falsely certified on his notice of candidacy that he does not owe any outstanding fines, fees, or penalties pursuant to the Code of Governmental Ethics as provided in R.S. 18:463(A)(2).

B. A violation of R.S. 18:463(A)(1)(c) by an agent shall not constitute ground for objecting to a candidacy pursuant to Paragraph (A)(1) of this Section.

Acts 1976, No. 697, §1, eff. Jan. 1, 1978; Acts 1999, No. 254, §1, eff. Jan. 1, 2000; Acts 2001, No. 47, §1; Acts 2004, No. 896, §1, eff. Jan. 1, 2005; Acts 2008, 1st Ex. Sess., No. 16, §1, eff. Jan. 1, 2009.

SSHB671 474 6281

# HOUSE SUMMARY OF SENATE AMENDMENTS

House Bill No. 671 by Representative LaFonta

ELECTIONS/CANDIDATES: Provides relative to persons who are seeking elective office and who have been temporarily displaced by an emergency

---

**Synopsis of Senate Amendments**

1. Adds a requirement that a notice of candidacy for an elective office, except U.S. senator or representative, include certification that the candidate has filed required federal and state tax returns for each of the previous five years. Also adds falsely certifying such information as grounds for objecting to a candidacy.

---

### Digest of Bill as Finally Passed by Senate

Present law provides that a person who has been involuntarily displaced from his residence or domicile by a gubernatorially declared emergency shall still be considered a resident at his permanent residence for purposes of seeking election to a public office which has a residency or domiciliary requirement; however, present law does not apply to a person who has established a new domicile or changed his registration. Proposed law provides that present law does not apply if it has been more than one year since the emergency.

Present law requires a person who desires to become a candidate in a primary election to qualify by timely filing a notice of candidacy accompanied by either a nominating petition or the qualifying fee and any additional fees. Requires that a notice of candidacy must be in writing and state the candidate's name, the office he seeks, the address of his domicile, the parish, ward, and precinct where he is registered to vote, and the political party, if any, with which he is registered as being affiliated. Proposed law retains present law.

Present law provides that the notice of candidacy also must include a certificate, signed by the candidate, certifying all of the following:

(1) That he has read the notice of his candidacy.

(2) That he meets the qualifications of the office for which he is qualifying.

(3) That he is not currently under an order of imprisonment for conviction of a felony and that he is not prohibited from qualifying as a candidate for conviction of a felony pursuant to present constitution (Article I, Section 10).

(4) That he acknowledges that he is subject to the provisions of present law (Campaign Finance Disclosure Act–R.S. 18:1481 et seq.) if he is a candidate for any office other than United States senator, representative in congress, or member of a committee of a political party and that he does not owe any outstanding fines, fees, or penalties pursuant to present law.

(5) That he does not owe any outstanding fines, fees, or penalties pursuant to present law (Code of Governmental Ethics–R.S. 42:1101 et seq.).

(6) That all of the statements contained in it are true and correct.

Proposed law adds a requirement that, except for a candidate for U.S. senator or representative in congress, the candidate certify that for each of the previous five tax years he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both, or was not required to file either a federal or state income tax return or both.



STATE'S EXHIBIT C

SSHB671 474 6281

Present law (R.S. 18:493) provides that an action objecting to the candidacy of a person who qualified as a candidate in a primary election must be based on one or more of the following grounds:

(1) The defendant failed to qualify for the primary election in the manner prescribed by present law.

(2) The defendant failed to qualify for the primary election within the time prescribed by present law.

(3) The defendant does not meet the qualifications for the office he seeks in the primary election.

(4) The defendant is prohibited by present law from becoming a candidate for one or more of the offices for which he qualified.

(5) The defendant falsely certified on his notice of candidacy that he does not owe any outstanding fines, fees, or penalties pursuant to present law (Campaign Finance Disclosure Act–R.S. 18:1481 et seq.).

(6) The defendant falsely certified on his notice of candidacy that he does not owe any outstanding fines, fees, or penalties pursuant to present law (Code of Governmental Ethics–R.S. 42:1101 et seq.).

Proposed law retains present law and adds as a ground for objecting to the candidacy of a person that the defendant falsely certified on his notice of candidacy that he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both, or is not required to file either a federal or state income tax return or both.

(Amends R.S. 18:451.3 and 463(A)(2)(a)(iv); Adds R.S. 18:492(A)(7))

R.S. 18:463 was precleared as follows [year/act no./submission date/preclearance date/DOJ File no.]:

| Year | Act | Date Submitted | Date Precleared | DOJ File No. |
|---|---|---|---|---|
| 1976 | 697 | 10/22/76 | 1/27/89 | |
| 1978 | 292 | 7/24/78 | 9/25/78 | A7288 |
| 1980 | 786 | NA | 11/10/80 | D4426-4442 |
| 1982 | 747 | NA | 12/8/82 | G6248-7065 |
| 1982 | 778 | NA | 11/29/82 | G5311-6990 |
| 1983 | 519 | NA | 5/14/84 | H5483 |
| 1984 | 672 | NA | 12/4/84 | K5927-5962 |
| 1984 | 225 | NA | 10/16/84 | K4660 |
| 1988 | 909 | 12/14/92 | 12/18/92 | 92-4470 |
| 1989 | 768 | 10/17/89 | 12/8/89 | Z3277-3278 |
| 1991 1st ES | 1 | 4/30/91 | 6/17/91 | 91-1314 |
| 1995 | 300 | 7/21/95 | 9/12/95 | 95-2197 |
| 1999 | 1130 | 9/30/99 | 11/30/99 | 1999-3165 |
| 2001 | 47 | 6/26/01 | 7/31/01 | 2001-1809 |
| 2003 | 529 | 7/18/03 | 8/18/03 | 2003-2491 |
| 2003 | 1220 | 7/24/03 | 9/22/03 | 2003-2547 |
| 2004 | 526 | 7/21/04 | 9/20/04 | 2004-3159 |
| 2004 | 829 | 8/16/04 | 10/14/04 | 2004-3544,3547 |
| 2004 | 896 | 8/16/04 | 10/14/04 | 2004-3544,3547 |
| 2008 1st ES | 16 | 6/26/08 | 09/04/08 | 2008-3724 |

STATE'S EXHIBIT D

R.S. 18:492 has been precleared as follows [year/act no./submission date/preclearance date/DOJ file no.]:

| Year | Act | Date Submitted | Preclearance Date | USDOJ File No |
|---|---|---|---|---|
| 1976 | 697 | 10-22-76 | 1/27/89 | |
| 1999 | Act 254 | 7-22-99 | partial p/c 9-27-99; remainder p/c 3-20-00 (precinct splits, w/ 1 exception) | 1999-2029 |
| 2001 | 47 | 6/26/01 | 7/31/01 | 2001-1809 |
| 2004 | 896 | 8/16/2004 | 10-14-04 | 2004-3544,3547 |
| 2008 1ST E.S. | 16 | 06/26/08 | 09/04/08 | 2008-3724 |

Sec. 5 Submission
Page -5 -

## LEGISLATIVE PROCLAMATION SUBMISSION
## SECTION 5 OF THE VOTING RIGHTS ACT OF 1965;
## REQUIRED CONTENTS (28 CFR § 51.27)

### ACT 269 OF THE 2006 REGULAR
### SESSION OF THE LOUISIANA LEGISLATURE

a) **A copy of any ordinance, enactment, order or regulation embodying a change affecting voting:**

　　Enclosed herein as *Exhibit E*, please find a copy of Act 269 of the 2006 Regular Session, introduced by Representative Jalila Jefferson-Bullock.

b) **A copy of any ordinance, enactment, order, or regulation embodying the voting practice that is proposed to be repealed, amended, or otherwise changed:**

　　Act 269 (2006, R.S.) enacts La. R.S. 18:101(F) and 451.3. A copy of the 2005 version of La. R.S. 18:101 is enclosed as *Exhibit F*.

c) **If the change affecting voting either is not readily apparent on the face of the documents provided under paragraphs (a) and (b) of this section or is not embodied in a document, a clear statement of the change explaining the difference between the submitted change and the prior law or practice, or explanatory materials adequate to disclose to the Attorney General the difference between the prior and proposed situation with respect to voting:**

　　Enclosed herein as *Exhibit G*, please find a copy of the Digest for Act 269 (2006, R.S.), which provides a clear statement explaining the new law.

d) **The name, title, address, and telephone number of the person making the submission:**

　　Erin C. Day
　　Assistant Attorney General
　　Post Office Box 94005
　　Baton Rouge, Louisiana 70804-9005
　　(225) 326-6040

Sec. 5 Submission
Page -6 -

e) The name of the submitting authority and the name of the jurisdiction responsible for the change, if different:

> State of Louisiana, Department of Justice
> James D. "Buddy" Caldwell, Attorney General

f) If the submission is not from a state or county, the name of the county and state in which the submitting authority is located:

> Please see (e) above.

g) Identification of the person or body responsible for making the change and the mode of decision (e.g., act of state legislature, ordinance of city council, administrative decision by registrar):

> Act 269 (2006, R.S.) was adopted by the Louisiana Legislature pursuant to its general legislative powers provided in Article III, Section 1 of the Louisiana Constitution of 1974 and the Constitution of the United States of America, Amendment X.

h) A statement identifying the statutory or other authority under which the jurisdiction undertakes the change and a description of the procedures the jurisdiction was required to follow in deciding to undertake the change:

> Please see (g) above.

i) The date of adoption of the change affecting voting:

> Act 269 (2006, R.S.) was passed on May 4, 2006 by a vote of 98-0 in the House and passed with amendments on May 23, 2006 by a vote of 35-0 in the Senate. The amendments were concurred in the House on May 30, 2006 by a vote of 89-4.

j) The date on which the change is to take effect:

> Act 269 (2006, R.S.) was signed by Governor Blanco on June 8, 2006 and became effective upon her signature as provided in Article III, Section 18 of the 1974 Constitution of Louisiana.

k) A statement that the change has not yet been enforced or administered, or an explanation of why such a statement cannot be made:

> Act 269 (2006, R.S.) has been enforced or administered.

Sec. 5 Submission
Page -7 -

l) **Where the change will affect less than the entire jurisdiction, an explanation of the scope of the change:**

    Act 269 (2006, R.S.) effects the entire State of Louisiana

m) **A statement of the reasons for the change:**

    Act 269 (2006, R.S.) was enacted following the 2005 Hurricanes Katrina and Rita, in which many Louisiana citizens were involuntarily displaced from their residences. Please refer to Exhibit G for further explanation concerning the reasons for the change.

n) **A statement of the anticipated effect of the change on members of racial or language minority groups:**

    There is no anticipated adverse effect on any member of a racial or language minority group.

o) **A statement identifying any past or pending litigation concerning the change or related voting practices:**

    There is no past or pending litigation concerning Act 269 (2006, R.S.).

p) **A statement that the prior practice has been precleared (with the date) or is not subject to the preclearance requirement and a statement that the procedure for the adoption of the change has been precleared (with the date) or is not subject to the preclearance requirement or an explanation of why such statements cannot be made:**

    La. R.S. 18:101 has received prior preclearance as shown in *Exhibit H*.

    La. R.S. 18:451.3 was added by Act 269 (2006, R.S.), enclosed for preclearance.