UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUSIANA

Howard Anthony Brown and　　　　　　　　　　Civil Action No. 17-09627
Belden Batiste

Vs.　　　　　　　　　　　　　　　　　　　　　　JTM-KWR

TOM SCHEDLER, ET AL.

### MEMORANDUM IN SUPPORT OF OPPOSITION TO MOTIONS TO DISMISS COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF AND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF ON BEHALF OF ATTORNEY GENERAL JEFF LANDRY.

**NOW INTO COURT**, comes Howard Anthony Brown and Belden Batiste, who files this Memorandum in Support of Opposition to Motion to Dismiss on behalf of Attorney General, JEFF LANDRY for the reasons set forth in this Memorandum. Both the Complaint and the Amended Complaint invoked jurisdiction to this court first under The Voting Rights Act of 1965. This being an action involving Election Practices. Secondly, under Title 42 §1973. Which refers to the denial or abridgment of right to vote on account of race of color through voting qualifications or prerequisites. The defendant has stated that this court lacks subject matter jurisdiction over this matter under 28 U.S.C. §1332. Whether or not this is the case, the intended section was § 1331, not § 1332 (clerical error on our part) as it reads on the complaint "based on federal questions that arise under this issue". However, this court has the authority to determine whether or not it has jurisdiction to hear a particular case. U.S. v. Ruiz, 536 U.S. 622, 628 (2000) (citing U.S. v. Maine Workers of Am., 330 US. 258, 291).

The Voting Rights Act of 1965

1. This is the authority on which the complaint and the amended complaint was filed. This Act was designed by Congress, to ensure that the rights of the citizens of the Unites States to

1

participate in the Voting Process would not be denied or abridged on account of race or color. To which it states, "No Voting Qualification or prerequisite to voting, or standard, practice, or procedure shall be imposed or applied by any state or political subdivision to deny or abridge the right of any citizen of the United States to vote on account of race or color." Thus because of this language, Southern states to include Louisiana, quickly responded by creating a series of Voting Qualifications.

### § 1973 Denial or abridgment of Right to Vote on account of race or color through voting qualification or prerequisite; establishment of violation.

**(a).** No voting qualifications or prerequisites to voting or standard, practice, or procedures shall be imposed or applied by any state or political subdivision in a manner which results in a denial or abridgment of the right of any citizen of the United States to vote on account of race or color, or in contravention of the guarantees set forth in Section 1773 B (f) (2) of this Title as provided in Subsection (b) of this section.

**(b).** A violation of Subsection (a), of this section is established if, based on the totality of circumstances, it is shown that the political process leading to nomination or election in the state or political subdivisions or not equally open to participation by members of a class of citizens protected by subsection (a) of this section in that its members have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice.

### I. Attorney General

Defendant JEFF LANDRY, is Louisiana's Attorney General and is being sued in his official capacity. As Attorney General, Defendant Landry is the "Chief Legal Officer of the State" charged with asserting or protecting the rights or interest of Louisiana. La. Const. art IV, § 8.

Like other executive officers of the State, Defendant Landry is required to support the U.S. Constitution, including the Fourteenth and Fifteenth Amendments to it, before executing his duties as Attorney General. 4 U.S.C. § 101.

LANDRY brought Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rule of Civil Procedure. The defendant argued that this Court lacks subject matter jurisdiction over the claims asserted against him because the Eleventh Amendment bars such claims.

Motion to Dismiss Pursuant to 12(b)(1), under Federal Rule of Civil Procedure ("Rule") 12 (b)(1), a party may challenge a court's subject matter jurisdiction at any time. Giles v. NYL Care health Plans, Inc., 172 F.3d 332, 336 (5th Cir. 1999). The party asserting that the court has jurisdiction bears the burden of proving that the court may adjudicate the case. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). In determining whether it has subject matter jurisdiction, the court may look at the complaint alone, the complaint supplemented by undisputed facts in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.

Id. A motion under 12 (b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998); see also Ramming, 281 F.3d at 161.

In his Motion to Dismiss Pursuant to Rule 12 (b)(1) LANDRY, argues that he is entitled to sovereign immunity pursuant to the Eleventh Amendment, and therefore this Court lack subject matter jurisdiction to hear the plaintiffs' claim under The Voting Rights Act of 1965. The Eleventh Amendment bars suit by private citizens against a non-consenting state in federal court. Hans v. Louisiana, 134 U.S. 1, 15, 10 S.Ct. 504, 33 L.Ed. 842 (1890). Eleventh

Amendment immunity not only to the state itself, but precludes actions against state officers sued in their official capacity. Edelman v. Jordan, 415 U.S. 651. **However,** state sovereign immunity is not absolute; in this case there are two relevant exceptions – Congressional abrogation, and the exception established in Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

## II. Congressional Abrogation

First, Congress may abrogate sovereign immunity "if it makes its intention to abrogate unmistakably clear in the language of the statue and acts pursuant to a valid exercise of its power" under the Fourteenth and Fifteenth Amendments. Nev. Dep't of Human Res. V. Hibbs, 538 U.S. 721, 726, 123 S.Ct. 1972, 155 L.Ed. 2d 953 (2003); City of Boerne vs. Flores, 521 U.S. 507, 518, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997). (Citing South Carolina v. Katzenbach, 383 U.S. 301, 308, 86 S.Ct.803, 15 L.Ed. 2d 769 (1966)). As this Court recognized in Hall v. Louisiana, Congress has abrogated state sovereign immunity for claims arising under the Voting Rights Act. 983 F. Supp.2d 820, 830 (M.D.La.2013), reconsideration denied (Apr. 7, 2014) (citing Mixon v. State of Ohio, 193 F.3d 389, 398-99 (6th Cir. 1999) and Reaves v. United States DOJ, 355 F.Supp.2d 510, 515 (D.D.C 2005) ("Congress, in passing the Voting Rights Act, effected a valid abrogation of state sovereign immunity.").

## III. Ex Parte Young

Second, in Ex Parte Young the Supreme Court carved out an exception to the Eleventh Amendment immunity. According to Ex Parte Young, in certain circumstances state officers may be sued in their official capacity and a federal court "may enjoin state officials to conform their future conduct to the requirements of federal law." Quern v. Jordan 440 U.S. 332, 337, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). To determine whether the doctrine of Ex parte Young avoids an Eleventh Amendment bar to suit " a court need only conduct a straightforward inquiry into

4

whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective," Virginia Office for Prot. & Advocacy v. Stewart, 563 U.S. 247, 255, 131 S.Ct. 1632, 179 L.Ed.2d 675 (2011) However, for the exception to apply a plaintiff " must demonstrate that the state officer has some connection with the enforcement of the disputed act." K.P. v. LeBlanc, 627 F3d at 124 (citing Ex parte Young, 209 U.S. at 157, 28 S.Ct. 441).

As stated in the complaint, because of the willful violation of Section 5 of the Voting Rights Act and the Jim Crow Laws that has been passed here in Louisiana, post the 1965 Act and the present and future enforcement of those laws, by LANDRY, the Chief Legal Officer of the State, who is charged with ensuring New Orleans compliance with applicable federal and state voting laws.

## IV. Defendants Argument as to this Court Lacks Jurisdiction under the Rooker-Feldman Doctrine.

This argument is moot, not absolute, Rooker-Feldman does not otherwise override or Supplant Preclusion doctrine or argument the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions. "In this case before us, the court of appeal for the Third Circuit misperceived the narrow ground occupied by Rooker-Feldman, and consequently erred in ordering the Federal action dismiss for lack of subject matter jurisdiction. We therefore reversed the Third Circuit Judgement." Exxon Mobile Corp. et al. v. Industries Corp 544 US 280 (2005). The plaintiffs in this instance case while in state court raises the constitutional questions as to the violation of the 1965 Voting Rights Act, Amendment XIV, Amendment XV and the fiduciary duty of the attorney general JEFF LANDRY to uphold the laws and constitution of the United States.

5

## V. Defendants Argument as to Compensatory Damages Are Not Available Remedy Under the VRA

Looking at the complaint in its entirety, Plaintiffs were denied of equal protection under the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment provides that, "All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

As the Attorney General, at all relevant times he violates his fiduciary duty to the plaintiffs even when called upon to ensure that the laws, practices, and procedures that's presently in use and that was used against plaintiffs, was fair, free and clear from discrimination as outlined in the Voting Rights Act of 1965. Whether or not the Voting Rights Act of 1965 has a remedy for compensatory damages the action or the lack thereof of then Attorney General, Cause into question a relief for damages. This Court my grant such other relief as this Court deems just and proper.

## VI. As to Defendants Argument This Court Lacks Authority to Hear Plaintiff's Section 5 Claims, But Has Authority to Dismiss Them.

This argument is null and void, as it relates to the Second Mechanism as outlined in the defendant's Memorandum "Preclearance". Attached to the defendant's, JEFF LANDRY memorandum in support is "Exhibit A" and "State's Exhibit A". "Exhibit A", comes from the U.S. Department of Justice, acknowledging receiving submission on August 10, 2010 from the State of Louisiana Department of Justice Voting Section. Which states, "This refers to Act No. 269 (H.B. 587) (2006), insofar as it defines residency requirements for qualifying for voting,

6

candidacy or office-holding where involuntary displacement has occurred due to a gubernatorially declared state of emergency; and Act No. 827 (H.B. 671) (2010), which provides that involuntary displaced candidates will be deemed to have met residency requirements for a period of up to one year from the end of a gubernatorially declared state of emergency and requires that candidates for office other than congressional certify that they have timely filed state and federal income tax returns or are not required to file such returns for each of the previous five years, for the State of Louisiana, submitted to the Attorney General pursuant to Section 5 of the Voting Rights Act of 1965, 42 U.S.C. 1973c."

This was the Law that was cited to which, it was not applicable to the plaintiffs. The author of this Act was Representative, Juan LaFonta. To whom the plaintiffs met with and was informed by the Representative that the law is being misapplied, misused, and the way that it is being used was not the original intent when drafted.

## CONCLUSION

Defendant JEFF LANDRY, in his official capacity as the Louisiana's Chief Legal Officer. Should be fully aware that the law that was cited and subsequently used against the Plaintiffs was partially cited and misleading, and in so doing, deviated from the original intent and purpose of the law.

**WHEREFORE,** Plaintiffs pray that the Defendant JEFF LANDRY, Attorney General Memorandum in Support of Motion to Dismiss Complaint be denied and that the complaint is allowed to move forward.

Respectfully Submitted,

Howard Anthony Brown, Pro Se
4711 Marque Drive
New Orleans, Louisiana 70127
(504) 251-1203

And

Belden Batiste
1421 North Miro
New Orleans, Louisiana 70119
(504) 251-1203

8

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2017, the foregoing "Opposition to Motions to Dismiss Complaint for Damages and Injunctive and Declaratory Relief and Amended Complaint for Damages and Injunctive and Declaratory Relief on Behalf of Attorney General Jeff Landry." was hand delivered to the Clerk of Court and a copy emailed to the Counsel of Record for the Defendant.

I further certify that a copy of the above and foregoing "Opposition to Motions to Dismiss Complaint for Damages and Injunctive and Declaratory Relief and Amended Complaint for Damages and Injunctive and Declaratory Relief on Behalf of Attorney General Jeff Landry." Was sent via U.S. Mail, properly address and with proper postage to the Counsel of Record:

Christina B. Peck (T.A.) (La. Bar # 14302)
Email: cpeck@roedelparsons.com
8440 Jefferson Highway, Suite 301
Baton Rouge, Louisiana 70809-7652
Attorney for Defendant Jeff Landry

Celia R. Cangelosi
Email: celiacan@bellsouth.net
5551 Corporate Blvd., Suite 101
Baton Rouge, Louisiana 70808
Attorney for Defendant Tom Schedler

David Glen Sanders
Email: sandersd@ag.louisiana.gov
1885 North 3rd Street
Baton Rouge, Louisiana 70804-9005
Attorney for Defendant Judges

Respectfully Submitted,

_____
Howard Anthony Brown, Pro Se
4711 Marque Drive
New Orleans, Louisiana 70127
(504) 251-1203

And

_____
Belden Batiste
1421 North Miro
New Orleans, Louisiana 70119
(504) 251-1203

9