UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUSIANA

Howard Anthony Brown and
Belden Batiste

Civil Action No. 17-09627

Vs.

JTM-KWR

TOM SCHEDLER, ET AL.

## MEMORANDUM IN SUPPORT OF OPPOSITION TO MOTIONS TO DISMISS FILED BY DEFENDANTS, TOM SCEHDLER, IN HIS CAPACITY AS LOUISIANA SECRETARY OF STATE

**INTO THIS COURT**, comes Howard Anthony Brown and Belden Batiste (Collectively the Plaintiffs) who request this court to deny the Defendant TOM SCHEDLER's Motion to Dismiss Filed by Defendants TOM SCHEDLER in His Capacity as Louisiana Secretary of State, for the following reasons:

1.

Defendant TOM SCHEDLER, is the Secretary of State for the State of Louisiana and is sued in his official capacity. As Secretary of State, Defendant TOM SCHEDLER is Louisiana's Chief Election Officer and administers Louisiana's Election laws.

2.

The complaint challenges the discrimination against the Plaintiffs, citizens of the United States and the State of Louisiana. In 1965, the Voting Rights Act was passed and signed into law to protect the Rights of the citizen to participate in the election process without any form of discrimination.

3.

As stated on page 5 of the complaint, the Fifteenth Amendment, guaranteed African American citizens the Right to vote as early as 1870 and southern States, to include Louisiana quickly

1

responded by creating a series of Voting Qualifications and Devices to perpetuate black disenfranchisement.

4.

Defendant TOM SCHEDLER is the Secretary of State, for the State of Louisiana and is sued in his official capacity. As Secretary of State, Defendant SCHEDLER took an Oath of Office as prescribed by the Louisiana Constitution, Article 10, Section 30 which states, "I, . . ., do solemnly swear (or affirm) that I will support the constitution and laws of the United States and the constitution and laws of this state and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as . . ., according to the best of my ability and understanding, so help me God."

5.

Defendant TOM SCHEDLER as the Secretary of State in his official capacity, has a fiduciary duty to the Plaintiffs to promulgate and publish all laws enacted by the legislature and retain the ORIGINALS thereof; and to abide by his Oath of Office as it relates to the Fourteenth Amendment.

6.

Defendant TOM SCHEDLER, in his official capacity as the Louisiana's Chief Election Officer and the Custodian of the Original Documents. Should be fully aware that the law that was cited and subsequently used against the Plaintiffs was partially cited and misleading, and in so doing, deviated from the original intent and purpose of the law.

  A. **The Defendant argument as to this court lack of jurisdiction under the Rooker-Feldman doctrine (Fed.R.Civ.P. 12(b) (1)).**

This argument is moot, not absolute, Rooker-Feldman does not otherwise override or Supplant Preclusion doctrine or argument the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions. "In this case before us, the court of appeal for the Third Circuit misperceived the narrow ground occupied by Rooker-Feldman, and consequently erred in ordering the Federal action dismiss for lack of subject matter jurisdiction. We therefore reversed the Third Circuit Judgement." <u>Exxon Mobile Corp. et al. v. Industries Corp 544 US 280 (2005).</u> The plaintiffs in this instance case while in state court raises the constitutional questions as to the violation of the 1965 Voting Rights Act, Amendment XIV, Amendment XV and the fiduciary duty of the Secretary of State, TOM SCHEDLER to uphold the laws and constitution of the United States.

**B. The Defendant Argument as to, This Court lacks jurisdiction over the Plaintiffs' requests to return their names to the ballot for the October 14, 2017 election as moot (Fed.R.Civ.P. 12(b) (1)).**

To this point the Plaintiffs would agree as to "moot". What the plaintiffs are seeking is not impossible. The Plaintiffs names were on the Ballot for the October 14, 2017 election. The request is not to replace the names for that day in time. However, for the names to be replaced for that date as it was supposed to be before the names were removed without cause. In other words, a special Election.

**C. The Defendants Argument as to, The court lacks jurisdiction over the Plaintiffs' state law claims for relief because the Eleventh Amendment bars all state law claims for injunctive or declaratory relief; no federal claims are asserted; and the Eleventh Amendment prevails (Fed.R.Civ.P. 12(b) (1)).**

In Ex Parte Young, the Supreme Court carved out an exception to the Eleventh Amendment immunity. According to Ex Parte Young, in certain circumstances state officers may be sued in their official capacity and a federal court "may enjoin state officials to conform their future

3

conduct to the requirements of federal law." Quern v. Jordan 440 U.S. 332, 337, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). To determine whether the doctrine of Ex parte Young avoids an Eleventh Amendment bar to suit " a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective," Virginia Office for Prot. & Advocacy v. Stewart, 563 U.S. 247 , 255, 131 S.Ct. 1632, 179 L.Ed.2d 675 (2011) However, for the exception to apply a plaintiff " must demonstrate that the state officer has some connection with the enforcement of the disputed act." K.P. v. LeBlanc, 627 F3d at 124 (citing Ex parte Young, 209 U.S. at 157, 28 S.Ct. 441).

As stated in the complaint, because of the willful violation of Section 5 of the Voting Rights Act and the Jim Crow Laws that has been passed here in Louisiana, post the 1965 Act and the present and future enforcement of those laws, by TOM SCHEDLER, the Secretary of the State of Louisiana, who is charged with ensuring New Orleans compliance with applicable federal and state voting laws.

### D. The Defendants Argument as to, the amended complaint fails to state a cause of action for relief under Section 5 of the Voting Rights Act (Fed.R.Civ.P. 12(b) (6)).

This argument is null and void of law. Louisiana is subjected to the "Preclearance" Requirement of the 1965 Voting Rights Act. Due to the discrimination against certain class of people Section 5 of the Voting Rights Act of 1965 ('The Act") prevent "covered" jurisdictions from implementing any change to voting practices or procedures unless and until the jurisdiction demonstrates to federal authorities that the change neither has the purpose nor will have the effect of denying or arbitrating the right to vote on account of race or color.

In a document submitted by one, Erin C. Day, Assistant Attorney General, State of Louisiana Department of Justice, to one Mr. Chris Herren, Chief Voting Section Civil Rights Division U.S.

4

Department of Justice, dated August 4, 2010, Titled "Re: Sec 5 submission of Act 827 of the 2010 Regular Session of the Louisiana Legislature and Act 269 of the 2010 Regular Session of the Louisiana". In response to this document on October 12, 2010 the U.S. Department of Justice, Civil Rights Division wrote to Ms. Day, "This refers to Act No. 269 (H.B. 587) (2006), insofar as it defines residency requirements for qualifying for voting, candidacy or office-holding where involuntary displacement has occurred due to a gubernatorially declared state of emergency; and Act No. 827 (H.B. 671) (2010), which provides that involuntary displaced candidates will be deemed to have met residency requirements for a period of up to one year from the end of a gubernatorially declared state of emergency and requires that candidates for office other than congressional certify that they have timely filed state and federal income tax returns or are not required to file such returns for each of the previous five years, for the State of Louisiana, submitted to the Attorney General pursuant to Section 5 of the Voting Rights Act of 1965, 42 U.S.C. 1973c."

This was the Law that was cited to which, it was not applicable to the plaintiffs. The author of this Act was Representative, Juan LaFonta. To whom the plaintiffs met with and was informed by the Representative that the law is being misapplied, misused, and the way that it is being used was not the original intent when drafted.

**Conclusion**

The Defendant TOM SCHEDLER, in his official capacity as Secretary of State, who is the Chief Election Officer, has the duty and responsibility to publish all laws enacted by the Legislature and to retain the Originals thereof; The Defendants willfully and unlawfully apply the law, as it relates to the preclearance submitted to the U.S. Department of Justice to remove

5

applicants, to include the Plaintiffs from being on the ballot and actively participating in the voting process.

As the Chief Election Officer Tom Schedler should be fully aware that Act No. 827 that was submitted to the U.S. Department of Justice does not apply to the plaintiffs, as it defines residency requirements for qualifying for voting, candidacy or office holding.

**WHEREFORE,** the Plaintiffs request that the Defendant TOM SCHEDLER, Attorney General for the State of Louisiana, Memorandum in Support and Motions to Dismiss, filed by the defendant in his capacity of Louisiana Secretary of State be denied and the complaint be allowed to move forward on its merit.

Respectfully Submitted,

Howard Anthony Brown, Pro Se
4711 Marque Drive
New Orleans, Louisiana 70127
(504) 251-1203

And

Belden Batiste
Belden Batiste
1421 North Miro
New Orleans, Louisiana 70119
(504) 251-1203

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2017, the foregoing "Opposition to the Motions to Dismiss Filed by Defendants, TOM SCHEDLER, In His Capacity As Louisiana Secretary of State" was hand delivered to the Clerk of Court and a copy emailed to the Counsels of Record for the Defendants.

I further certify that a copy of the above and foregoing "Opposition to Motions to Dismiss Filed By Defendants, TOM SCHEDLER , In His Capacity As Louisiana Secretary of State" was sent via U.S. Mail, properly address and with proper postage to the Counsel of Record:

Christina B. Peck (T.A.) (La. Bar # 14302)
Email: cpeck@roedelparsons.com
8440 Jefferson Highway, Suite 301
Baton Rouge, Louisiana 70809-7652
Attorney for Defendant Jeff Landry

Celia R. Cangelosi
Email: celiacan@bellsouth.net
5551 Corporate Blvd., Suite 101
Baton Rouge, Louisiana 70808
Attorney for Defendant Tom Schedler

David Glen Sanders
Email: sandersd@ag.louisiana.gov
1885 North 3rd Street
Baton Rouge, Louisiana 70804-9005
Attorney for Defendant Judges

Respectfully Submitted,

Howard Anthony Brown, Pro Se
4711 Marque Drive
New Orleans, Louisiana 70127
(504) 251-1203

And

Belden Batiste
1421 North Miro
New Orleans, Louisiana 70119
(504) 251-1203