# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HOWARD ANTHONY BROWN, ET AL.,**   *Plaintiffs* | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-9627** |
| **TOM SCHEDLER, ET AL.,**   *Defendants* | **SECTION: "E" (4)** |

## ORDER AND REASONS

This matter comes before the Court on a motion by the Plaintiffs, Howard Anthony Brown and Belden Batiste, seeking recusal of the undersigned judge in this case pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455.[1] For the following reasons, the Motion to Recuse is **DENIED**.

## BACKGROUND

On September 26, 2017, Plaintiffs Howard Anthony Brown and Belden Batiste ("Plaintiffs") filed a Complaint against Defendants Tom Schedler, the Secretary of State of Louisiana, and Jeff Landry, the Attorney General of Louisiana.[2] An amended complaint added as Defendants James F. McKay, III, Edwin Lombard, Daniel L. Dysart, Rosemary Ledet, Paula A. Brown, and Kern A. Reese, all Louisiana state court judges.[3] In essence, the Plaintiffs allege that their candidacies in the October 14, 2017 local government elections in New Orleans, Louisiana, were wrongfully terminated. Specifically, Plaintiffs allege that challenges were made to their candidacies on the grounds the Plaintiffs provided false answers in a question regarding their past tax filings, in violation of

---

[1] R. Doc. 33.
[2] R. Doc. 1.
[3] R. Doc. 4.

Louisiana Revised Statutes § 18:463(A)(2)(a)(iv). These challenges were upheld in state court, and the Louisiana Supreme Court denied a writ as to Mr. Brown's disqualification suit. Plaintiffs allege the judgments against them violate the Voting Rights Act of 1965, and seek to have the state court decisions reversed.

This matter was initially assigned to the Honorable Jane Triche Milazzo. On January 11, 2018, Judge Milazzo recused herself from the case.[4] Upon the recusal of Judge Milazzo, the matter was returned to the Clerk of Court's Office, which randomly reassigned the case to this Court.[5]

Plaintiffs now move to disqualify the undersigned under 28 U.S.C. § 144 and 28 U.S.C. § 455.[6] Plaintiffs allege that the undersigned "has knowingly, willingly, intentionally, with forethought, malice and vexation violated the Federal Code of Conduct and the laws of the land which is the Constitution of the United States America."[7] Plaintiffs further allege that the undersigned has the appearance of bias and prejudice.[8]

## **LEGAL STANDARD**

Title 28, sections 144 and 455, require, *inter alia*, the disqualification of a judge in any proceeding in which his or her impartiality might reasonably be questioned, as well as when he or she has a personal bias or prejudice against a party.[9] In pertinent part, § 144 states, specifically, that upon a movant's "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against either him or in favor of any adverse party, the judge shall proceed no further."[10] For the affidavit to be

---

[4] R. Doc. 29.
[5] *Id.*
[6] R. Doc. 33.
[7] R. Doc. 33 at 1.
[8] *Id.*
[9] *See* 28 U.S.C. §§ 144, 455.
[10] 28 U.S.C. § 144.

2

sufficient, "[t]he facts must be such that, if true, they would convince a reasonable person that bias exists," and "[t]he facts must show the bias is personal, as opposed to judicial in nature."[11] When a § 144 motion is filed, "the judge must pass on the legal sufficiency of the affidavit, but may not pass on the truth of the matter asserted."[12] A legally sufficient affidavit must meet the following requirements: "(1) the facts must be material and stated with particularity; (2) the facts must be such that if true they would convince a reasonable man that bias exists; and (3) the facts must show that the bias is personal, as opposed to judicial, in nature."[13]

Similarly, section 455(a) states, in pertinent part, that a judge should recuse himself or herself "in any proceeding in which his [or her] impartiality might reasonably be questioned."[14] "In order to determine whether a court's impartiality is reasonably in question, the objective inquiry is whether a well-informed, thoughtful and objective observer would question the court's impartiality."[15] Moreover, "the purpose of § 455(a), and the principle of recusal itself, is not just to prevent actual partiality, but to avoid the appearance of partiality."[16] In assessing a motion to recuse under section 455(a), the court should be guided "by an independent examination of the facts and circumstances of the particular claim."[17]

---

[11] *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review of Miss.*, 637 F.2d 1014, 1019 (5th Cir. 1981).
[12] *Henderson v. Dep't of Public Safety and Corrections,* 901 F.2d 1288, 1296 (5th Cir. 1990).
[13] *Id.*
[14] 28 U.S.C. § 455(a).
[15] *Trust Co. v. N.N.P.*, 104 F.3d 1478, 1491 (5th Cir. 1997) (citing *United States v. Jordan*, 49 F.3d 152, 155–58 (5th Cir. 1995)).
[16] *Republic of Panama v. American Tobacco Co. Inc.*, 217 F.3d 343, 346 (5th Cir. 2000) (quoting *Jordan*, 49 F.3d at 155).
[17] *Id.*

3

## ANALYSIS

Plaintiffs offer several arguments in support of recusal. Plaintiffs first argue the undersigned "is presiding and recently rendered orders denying to rule on motions [that are] presently before the Court."[18] Plaintiffs refer to a "Motion for Ruling" filed by the Plaintiffs.[19] This motion sought to force the Court to rule on the Plaintiffs' pending Motion to Strike.[20] As a "Motion for Ruling" is not a motion recognized by the Federal Rule of Civil Procedure, the Court denied the motion.[21]

Second, Plaintiffs argue that "there was a tampering of the Docket, to give the justification for the dismissal of the Entry of Default and Default Judgment."[22] The specific allegation is not entirely clear to the Court. The Plaintiffs seem to argue that because Defendants' Motion to Dismiss was docketed after the Plaintiffs' Motion for Default Judgment and Motion for Entry of Default, the denial of Plaintiffs' motions was inappropriate.

Third, Plaintiffs assert "Judge Susie Morgan denies to rule on a matter [that is] assigned to her and denies the Plaintiffs their full [r]ights to be heard." Plaintiffs' fourth allegation essentially repeats the third. These assertions refer to the Court's denial of Plaintiffs' request for oral argument on Defendants' pending motions to dismiss.[23] Plaintiffs argue that by denying their request for oral argument, the Court has "fail[ed] to render Plaintiffs the full [r]ight to be heard according to law."[24] The Local Rules of the

---

[18] R. Doc. 33 at 4.
[19] R. Doc. 30. R. Doc. 14.
[20] R. Doc. 14.
[21] R. Doc. 32. The Motion to Strike remains pending, and the Court will rule on the motion after due consideration.
[22] R. Doc. 33 at 5.
[23] See R. Doc. 32.
[24] R. Doc. 33 at 5.

Eastern District of Louisiana do not guarantee a right to oral argument, and Plaintiffs provide no justification for oral argument.[25] Also, Plaintiffs fail to note that Judge Milazzo has already held oral argument on these motions, and that the transcript of the oral argument is available for the Court's review, mitigating any risk that Plaintiffs' views will not be afforded adequate consideration.[26]

The Court finds that these facts, even accepted as true, fail to allege extrajudicial prejudice. The requirement of extrajudicial prejudice "means that the alleged attitude and preconception on the part of the judge must arise from a source beyond the four corners of the courtroom, and not from his participation in the case."[27] The Supreme Court has stated that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[28] Judicial rulings, "apart from surrounding comments or accompanying opinion," "can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved."[29] The Fifth Circuit has further noted that a judge's ruling "should constitute grounds for appeal, not for recusal."[30]

Here, the factual allegations refer to rulings on requests for oral argument, the denial of motions, and docket management by the Clerk of Court. In other words, these allegations only concern actions within "the four corners of the courtroom." Accordingly, these allegations do not warrant recusal.

---

[25] Local Rule 78.1 reads, in part: "Oral argument will be permitted in such cases without further order of the court, unless the court advises the parties, as soon as practicable, that the request for oral argument is denied." *See Dos Santos v. Belmere Ltd. Partnership*, 516 Fed. Appx. 401, 404 (5th Cir. 2013) (finding no abuse of discretion when district court denied oral argument where the movant gave no reasons to justify oral argument).
[26] R. Doc. 25.
[27] *Danielson v. Winnifield Funeral Home of Jefferson, Inc.*, 634 F. Supp. 1110, 1115 (E.D.La. 1986).
[28] *Liteky v. United States*, 510 U.S. 540, 555 (1994).
[29] *Id.* at 555.
[30] *United States v. Landerman*, 109 F.3d 1053, 1066 (5th Cir. 1997).

Lastly, Plaintiffs argue that Judge Milazzo is "not only a professional associate of Judge Susie Morgan, but also a personal friend. To which both of them were nominated by Senator Mary Landrieu to the bench and appointed by President Barack Obama."[31] These facts, even accepted as true, fail to show any personal bias on the part of the undersigned. It has been consistently held that conclusions, conjecture, or vague charges of partiality or prejudice are not sufficient form the basis for disqualification. [32]

Furthermore, recusal is not appropriate under 28 U.S.C. § 455(a). Section 455(a) requires that a judge be recused "in any proceeding in which [her] impartiality might reasonably be questioned."[33] Recognizing that section 455(a) claims must be analyzed in light of the particular facts at hand, the Court finds the impartiality of the undersigned could not reasonably be questioned by a well-informed, thoughtful, and objective observer.

Disqualification motions must rest on facts sufficient to meet the standards of § 455 "so as to avoid giving parties a random veto over the assignment of judges."[34] In determining whether recusal is appropriate pursuant to § 455(a), the Fifth has noted, "[t]his recusal standard is objective; the relevant inquiry is whether a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality."[35]

The Court finds that the Plaintiffs have failed to show that a reasonable person would harbor doubts about the undersigned's partiality.

---

[31] R. Doc. 33 at 5.
[32] *McClelland v. Gronwaldt*, 942 F.Supp. 297 (E.D.Tex.1996) citing *Henderson v. Dept. Of Public Safety and Corrections*, 901 F.2d 1288, 1296 (5th Cir.1990), *Parrish v. Bd. of Commissioners of Alabama State Bar*, 524 F.2d 98, 100 (5th Cir.1975).
[33] 28 U.S.C. § 455(a) (2012).
[34] *United States v. Giorgi*, 840 F.2d 1022, 1034 (1st Cir. 1988).
[35] *Trevino v. Johnson*, 168 F.3d 173, 178 (5th Cir. 1999).

## **CONCLUSION**

Pursuant to 28 U.S.C. §§ 144 and 455, Plaintiffs' Motion to Recuse is **DENIED**.

**New Orleans, Louisiana, this 28th day of February, 2018.**

                               _____Susie Morgan_____
                               **JUDGE SUSIE MORGAN**
                               **UNITED STATES DISTRICT JUDGE**