## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**HOWARD ANTHONY BROWN, ET AL.,**
    **PlaintiffS**

**CIVIL ACTION**

**VERSUS**

**NO. 17-9627**

**TOM SCHEDLER, ET AL.,**
    **Defendants**

**SECTION: "E" (4)**

### ORDER AND REASONS

Before the Court is Plaintiffs' motion to strike.[1] Plaintiffs request that the Court strike a motion to dismiss filed by Defendants James McKay III, Edwin Lombard, Daniel L. Dysart, Rosemary Ledet, Paula Brown, and Kern A. Reese, on the grounds that the motion was filed after the deadline for responsive pleadings under Rule 12(a)(1)(a)(i) had passed, and after Plaintiffs filed a motion for entry of default.[2]

Federal Rule of Civil Procedure 55 governs the entry of a default, the entry of a default judgment, and the setting aside of a default or a default judgment.[3] Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default."[4] Plaintiffs moved for an entry of default pursuant to Rule 55(a) on October 25, 2017, asserting that Defendants failed to timely respond to service of process.[5] The next day, Defendants filed their motion to dismiss, signaling their intent to "otherwise defend" Plaintiffs' claims.[6]

---

[1] R. Doc. 14.
[2] R. Doc. 10.
[3] *See* FED. R. CIV. P. 55.
[4] FED. R. CIV. P. 55(a).
[5] R. Doc. 14.
[6] R. Doc. 9.

Even if Defendants' motion was filed beyond the deadline, an entry of default is not warranted. "A defendant's failure to meet a procedural time requirement is insufficient, standing alone, to warrant entry of default."[7] Thus, "when the plaintiff has made no showing of prejudice stemming from the defendant's delay, a default judgment 'should not be granted on the claim, without more, that the defendant ha[s] failed to meet a procedural time requirement.'"[8] As a result, the Clerk of Court's office properly denied Plaintiffs' motion for entry of default.

Given the denial of Plaintiff's motion for entry of default, Plaintiffs' Motion to Strike[9] is without merit. Accordingly;

**IT IS ORDERED** that Plaintiffs' Motion to Strike is **DENIED**.

**New Orleans, Louisiana, this 26th day of April, 2018.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[7] *Surplus Source Grp., LLC v. MID American Engine, Inc.*, No. 4:08-cv-049, 2008 WL 2704867, at *1–2 (E.D. Tex. Jul. 7, 2008) (finding entry of default inappropriate where defendants filed a motion to dismiss ten days after the answer deadline); *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (explaining that default judgments "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement" (citation and internal quotation marks omitted)).
[8] *Waltner v. Aurora Loan Servs., L.L.C.*, 551 F. App'x 741, 744 (5th Cir. 2013).
[9] R. Doc. 14.