UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| HOWARD ANTHONY BROWN, ET AL., Plaintiffs | CIVIL ACTION |
|---|---|
| VERSUS | NO. 17-9627 |
| TOM SCHEDLER, ET AL., Defendants | SECTION: "E" (4) |

## ORDER AND REASONS

Before the Court is a motion to dismiss filed by Defendants James F. McKay III, Edwin Lombard, Daniel L. Dysart, Rosemary Ledet, and Paula A. Brown, all judges of the Louisiana Fourth Circuit Court of Appeal, and Kern A. Reese, judge of the Civil District Court for the Parish of Orleans.[1] Plaintiffs Howard Anthony Brown and Belden Batiste did not file an opposition to the motion.[2] For the reasons that follow, the motion to dismiss is **GRANTED**.

On September 26, 2017, Plaintiffs Howard Anthony Brown and Belden Batiste filed a Complaint against Defendants Tom Schedler, the Secretary of State of Louisiana, and Jeff Landry, the Attorney General of Louisiana.[3] An amended complaint added as Defendants James F. McKay III, Edwin Lombard, Daniel L. Dysart, Rosemary Ledet, Paula A. Brown, and Kern A. Reese.[4] Each Plaintiff alleges he filed a notice of candidacy for New Orleans local office for the October 14, 2017 election.[5] Mr. Brown sought the office

---

[1] R. Doc. 9.
[2] Plaintiffs moved to strike Defendants' motion to dismiss, arguing they were entitled to an entry of default and default judgment against the Defendants. *See* R. Doc. 14. The Court denied Plaintiffs' motion to strike. R. Doc. 35.
[3] R. Doc. 1.
[4] R. Doc. 4.
[5] R. Doc. 1 at 2.

1

of Parish Assessor; Mr. Batiste applied for the City Council seat for District D.[6] Plaintiffs allege that challenges were made to their candidacies on the grounds the Plaintiffs falsely certified their personal tax history. Louisiana Revised Statutes § 18:463(A)(2)(a)(iv) requires:

> (2)(a) The notice of candidacy also shall include a certificate, signed by the candidate, certifying all of the following:
> . . .
> (iv) Except for a candidate for United States senator or representative in Congress, that for each of the previous five tax years, he has filed his federal and state income tax returns, has filed for an extension of time for filing either my federal or state income tax return or both, or was not required to file either a federal or state return or both.

Plaintiffs contested the challenges to their candidacies in Louisiana state court. As to Mr. Brown, the Fourth Circuit rendered a decision on July 28, 2017 reversing a district court ruling which would have allowed his candidacy to go forward.[7] Plaintiff Brown's subsequent writ application to the Louisiana Supreme Court was denied.[8] As to Mr. Batiste, Judge Kern Reese of the Civil District Court for Orleans Parish entered a judgment disqualifying him from the ballot.[9] Mr. Batiste did not appeal this decision.[10] Plaintiffs argue that Judge Reese, who authored the trial court decision as to Mr. Batiste, and Judge Paula A. Brown, who authored the Fourth Circuit opinion as to Mr. Brown, are friends of Erroll G. Williams, the Orleans Parish Assessor Mr. Brown sought to displace in the 2017 election.[11]

---

[6] *Id.*
[7] R. Doc. 1 at 3; R. Doc. 4 at 3.
[8] *Id.*
[9] R. Doc. 4 at 3-4.
[10] R. Doc. 1 at 3; R. Doc. 4 at 3-4.
[11] R. Doc. 4 at 2.

Plaintiffs assert the disqualification of their candidacies violates the Voting Rights Act of 1965[12] and Article I, section 10 of the Louisiana Constitution.[13] Plaintiffs also contend the state law provisions under which they were disqualified are "bias[ed], ambiguous, discriminatory, and possess a double standard in [their] application." According to the Complaint and the Amended Complaint, Plaintiffs seek the following relief: (1) a declaratory judgment that Defendants' policies violate Plaintiffs' right to political participation under the Voting Rights Act; (2) an injunction against Defendants to return Plaintiffs' names to the ballot for the October 14, 2017 election (3) a permanent injunction against all Defendants from utilizing "any of the Jim Crow Laws against candidates running for public office"; and (4) compensatory damages in the amount of ten million dollars.[14]

In this motion, Defendants McKay, Lombard, Dysart, LeDet, Brown, and Reese seek dismissal of the Plaintiffs' claims against them.[15] Defendants argue (1) money damages are not available under the Voting Rights Act, (2) they are entitled to absolute judicial immunity, and (3) Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine.[16] Because the Court finds the Defendants are entitled to absolute judicial immunity, it need not address Defendants' other arguments.

Judges enjoy absolute immunity from liability for judicial acts performed within their jurisdiction.[17] Judicial immunity extends to all acts performed by judges in their judicial capacity, even when a judge is alleged to have acted with malice or bad faith.[18]

---

[12] 42 U.S.C. § 1973c (2012).
[13] LA. CONST. ANN. art. I, § 10.
[14] R. Doc. 1 at 10; R. Doc. 4 at 10.
[15] R. Doc. 9.
[16] *See* R. Doc. 9-1.
[17] *Hale v. Harvey*, 786 F.2d 688, 690 (5th Cir. 1986).
[18] *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005).

Absolute judicial immunity can be overcome by (1) nonjudicial actions; and (2) judicial actions taken in the complete absence of all jurisdiction.[19]

The Supreme Court has explained that the inquiry of whether an act is judicial "relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."[20] Pursuant to *Malina v. Gonzalez*, the Fifth Circuit uses a four-factor test to determine if an act is judicial in nature:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.[21]

These factors are broadly construed in favor of immunity.[22]

In this case, the Defendants' actions were clearly judicial in nature. The rendering of judgments is a "normal judicial function."[23] The complained-of acts presumably took place in the judges' chambers in the Civil District Court for the Parish of Orleans and the Fourth Circuit Court of Appeal, respectively, and the controversy "centered around" a matter "pending before the court." Lastly, the actions' arose out of the Defendants acting in their official capacity. Further, to the extent Plaintiffs claim Judge Brown and Judge Reese should have recused themselves from the matter, "Courts unanimously have found

---

[19] *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).
[20] *Sparkman*, 435 U.S. at 362.
[21] *Davis v. Tarrant Cty., Tex.*, 565 F.3d 214, 222 (5th Cir. 2009) (citing *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993)).
[22] *Ballard*, 413 F.3d at 515.
[23] *See, e.g.*, *Nalls v. LaSalle,* 568 Fed. Appx. 303 (5th Cir. 2014) (the power to hold parties in contempt is a normal judicial function); Burnett v. Denman, 368 Fed. Appx. 603 (5th Cir. 2010) (the dismissal of a suit after finding a failure to state a claim is a normal judicial function).

that a failure to recuse oneself is a judicial act for purposes of absolute judicial immunity."[24] Accordingly, all four of the *Malina* factors have been met.

Absolute judicial immunity may also be overcome if the judicial actions were taken in "complete absence of all jurisdiction." The Court must ask "whether at the time [the Judge] took the challenged action [he or she] had jurisdiction over the subject matter before [him or her.]"[25] Judge Kern Reese, as a district judge in the Civil District Court for the Parish of Orleans, had original jurisdiction to hear all state-law civil matters.[26] Judge McKay, Judge Lombard, Judge Dysart, Judge LeDet, and Judge Brown, as judges on the Fourth District Court of Appeal, had jurisdiction over Plaintiff Brown's appeal.[27] As a result, Defendants are entitled to absolute immunity from the acts alleged by the Plaintiffs.

Accordingly;

**IT IS ORDERED** that Defendants' motion to dismiss[28] is **GRANTED**.

**New Orleans, Louisiana, this 26th day of April, 2018.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[24] *Price v. Porter*, 2009 WL 1210509 (W.D. La. May 1, 2009). *See also Sharp v. Palmisano*, No. CIV.A. 13-5429, 2013 WL 5969661, at *3 (E.D. La. Nov. 8, 2013) ("Determining whether to recuse oneself from a case, setting bond . . . are normal judicial functions.").
[25] *Sparkman*, 435 U.S. at 356.
[26] La. Const. Ann. art. V, § 16 ("[A] district court shall have original jurisdiction of all civil and criminal matters[.]").
[27] La. Const. Ann. art. V, § 10 ("[A] court of appeal has appellate jurisdiction of . . . all civil matters").
[28] R. Doc. 9.